347 So.2d 1275 (1977)
Margie Shemin FRAZIER et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 11352.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
*1276 Arthur Cobb, Baton Rouge, of counsel for plaintiffs-appellants Margie Shemin Frazier et al.
David W. Robinson, Baton Rouge, of counsel for defendants-appellees State Farm Mut. Auto. Ins. Co. et al.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This case comes on appeal from a judgment sustaining the peremptory exception of no cause of action filed by defendant, Republic Underwriters Insurance Company.
The suit was brought by Margie Shemin Frazier, the mother of a small child who was allegedly injured when run over by the automobile driven by Susan Vedros, the daughter of Albert L. and Beula Vedros. The suit was filed against State Farm Mutual Automobile Insurance Company, the liability insurer of the Vedros automobile, and Republic Underwriters Insurance Company, insurer under the Vedros homeowners policy (CPL). The basis for holding Republic Underwriters liable is set out in paragraph 2 of the plaintiff's petition as follows:
"Albert L. and Beula Vedros were at fault in not minding said child and knowing the whereabouts of said child and seeing to it that said child was not in the way of any vehicles driven by anyone on said property since Beula Vedros was temporarily tending said child for plaintiff and they were otherwise at fault."
It is the exceptor's position that "the generating source of the accident" was the alleged negligent operation of an automobile owned by exceptor's insured, Albert L. Vedros; hence, the claim asserted by the plaintiff is for
". . . bodily injury . . . arising out of the ownership, maintenance, operation, use, loading or unloading of: (2) any motor vehicle owned or operated by . . . any insured,"
and is excluded from the homeowners policy.
We reverse and remand.
The petition alleges two distinct causes of action, i. e., one for the negligence of Mr. and Mrs. Vedros in not properly attending to the child while baby-sitting, and one for the negligent operation of the motor vehicle by the Vedros's daughter. The first cause of action is obviously concerned with the homeowners policy (Republic), while the second is based upon the automobile insurance policy (State Farm).
Republic could be held liable for the alleged negligence of the Vedroses even though, under the exclusionary clause, it does not afford coverage for the operation of the motor vehicle.
Hurston v. Dufour, 292 So.2d 733 (La.App. 1 Cir. 1974) writ denied, La., 295 So.2d 178, merely stands for the proposition that a homeowners policy is not to be substituted *1277 for an automobile liability insurance policy.
Accordingly, the judgment sustaining the exception is reversed at the appellee's cost.
REVERSED AND REMANDED.