349 So.2d 481 (1977)
Earl H. JOHNS, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY et al., Defendants-Appellees.
No. 6103.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
Jerry D. Kirk, Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements and Shaddock by John S. Bradford, Lake Charles, Camp, Carmouche, Palmer, Carwile & Barsh by J. L. Cox, Jr., Lake Charles, for defendants-appellees.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Plaintiff instituted this action to recover damages for personal injuries, medical expenses, and loss of earnings all sustained when a safety rope, one end of which was attached around plaintiff's waist, the other end secured to an operating vehicle, broke causing plaintiff to fall some 30 feet. At the time of the accident plaintiff was attempting to remove a dead limb from a pine tree. Plaintiff alleges that the accident was caused by the negligence of Kenneth Allen, Sr., upon whose premises the accident occurred, and Kenneth Allen, Jr., son of the Senior Allen and driver of the vehicle. Made defendant is State Farm *482 Fire and Casualty Company (hereinafter referred to as "State Farm"), which had issued to Kenneth Allen, Sr., a homeowner's insurance policy that provided general liability coverage. State Farm answered plaintiff's petition generally denying the allegations therein, specifically setting forth that its policy of insurance afforded no coverage of the accident and injuries because of exclusions in the policy relative to the use of any automobile or vehicle. Defendant filed a third party demand against Allstate Insurance Company (hereinafter referred to as "Allstate"), the liability insurer of the vehicle owned by Kenneth Allen, Sr., and out of which use the accident allegedly arose. State Farm prays that in the event Kenneth Allen, Sr., or his son are found to be guilty of negligence, and if it be found that State Farm is responsible for said acts of negligence, then Allstate's policy of insurance would either afford primary coverage and/or Allstate would be considered a solidary obligor and liable to State Farm for one-half of what State Farm might be adjudged to pay plaintiff.[1]
Subsequently State Farm filed a motion for summary judgment alleging that the homeowner's policy issued by it to Kenneth Allen, Sr., specifically excludes the application of the policy provisions to any accident or injuries resulting from the use of an automobile. After a hearing on the motion for summary judgment the trial court determined that the exclusionary clause in State Farm's policy was applicable and rendered judgment in favor of State Farm and against plaintiff dismissing his demand as against State Farm.[2] Plaintiff appeals from that judgment.
The exclusionary clause in the homeowner's policy issued by State Farm, provides as follows:
"THIS POLICY DOES NOT APPLY:
1. Under Coverage EPersonal Liability and Coverage FMedical Payments to Others:
(a) TO BODILY INJURY OR PROPERTY DAMAGE ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OPERATION, USE, LOADING OR UNLOADING OF: . . .
(2) ANY MOTOR VEHICLE OWNED OR OPERATED BY, OR RENTED OR LOANED TO ANY INSURED; BUT THIS SUBDIVISION (2) DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE OCCURRING ON THE RESIDENCE PREMISES IF THE MOTOR VEHICLE IS NOT SUBJECT TO MOTOR VEHICLE REGISTRATION BECAUSE IT IS USED EXCLUSIVELY ON THE RESIDENCE PREMISES OR KEPT IN DEAD STORAGE ON THE RESIDENCE PREMISES; ..."
The entire policy was attached as Exhibit "A" and made a part of defendant's motion for summary judgment. The only other evidence in the record is the deposition of plaintiff.
From plaintiff's deposition we glean the following facts. About mid-day on March 28, 1976, while plaintiff was visiting at the home of Kenneth Allen, Sr., in Sulphur, Louisiana, a discussion arose regarding a large dead tree limb which had broken off and was lodged in the branches of a tall pine tree in the rear yard of the Allen residence. After some discussion it was decided that the limb should be removed that afternoon. Thereupon Mr. Allen, together with his son, Kenneth, Jr., and plaintiff began to make preparations for the removal of the dead limb. Mr. Allen produced a new hemp rope which was approximately 3/4 inches in diameter and 95 feet long. A weighted fishing line attached to the rope was used to pull the rope over a lower limb of the tree. The lower limb, which was positioned just below the dead branch, was approximately 35 feet from the ground. After securing the rope across the *483 lower limb, one end of the rope was fastened around plaintiff's waist and the other end was tied to the bumper of Allen's Ford pickup truck. As agreed by the parties, Kenneth Allen, Jr., upon instruction from his father, was to move the truck forward in order to keep the rope taut while plaintiff climbed the tree. It was not intended that the rope hoist plaintiff to the limb, but rather was to be used as a safety line. Plaintiff began climbing the tree and as he moved upward Mr. Allen would give instructions to his son to take up the slack in the safety rope. As plaintiff approached the limb over which the safety rope was thrown he released his grip on the tree and shifted his weight to the rope so that he could grab the overhanging limb. The safety rope broke and plaintiff fell thirty (30) feet to the ground. The rope broke some two feet from where it was tied to the bumper of the truck. As a result of the fall plaintiff suffered several broken vertebrae, internal injuries, and a laceration of his tongue.
It is well settled in the jurisprudence of this state that the function of the courts in passing on a motion for summary judgment is not to determine the merits of the issues raised, but rather to determine whether or not there is a genuine issue of material fact. Fontenot v. Lewis, 215 So.2d 161 (La.App. 3rd Cir. 1968). As provided in LSA-C.C.P. Article 966, the motion for summary judgment,
"shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
We consider the instant motion for summary judgment based upon the pleadings, the insurance contract introduced as Exhibit "A", and the deposition of plaintiff.
In resolving the issue herein, i. e., whether the quoted clause in State Farm's policy excludes coverage, we note that in Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968), the Supreme Court referred to the "common sense" approach in determining whether the negligent act which caused the injury was a natural and reasonable consequence of the use of the vehicle, within the contemplation of the parties negotiating the insurance contract. As set forth in Bruno v. Hartford Accident & Indemnity Co., 337 So.2d 241 (La.App. 3rd Cir. 1976), the test to be applied for this determination is two-fold:
"(1) was the vehicle being used at the time of the accident; and
(2) was the use thereof directly connected with or a cause of the ensuing accident."
Clearly there must not only be a use of the vehicle but there must also be some connexity between the use of the vehicle and the resulting accident. Ramsey v. Continental Insurance Company, 286 So.2d 371 (La.App. 2nd Cir. 1973), writs refused December 19, 1973, La., 287 So.2d 187.
In Tillman v. Canal Insurance Co., 305 So.2d 602 (La.App. 1st Cir. 1974), writs refused February 7, 1975, La., 307 So.2d 630, the driver of a tractor-trailer unit was killed when his unit went out of control after striking a three foot pile of gravel in its lane of travel. The evidence established that defendant's truck had negligently spilled the gravel on the highway some few hours before the accident. The court in Tillman, supra, found that the gravel company's negligence did not arise out of the use of the gravel truck, but rather out of the driver's intervening negligence in leaving the gravel where it spilled, and thus insurance coverage was provided by general comprehensive provisions of its policy rather than the automobile liability provisions. The court in so finding stated at page 609:
"The courts of this State have interpreted these policy provisions on a number of occasions. We feel it is not necessary to discuss, distinguish or analyze each case. Neither do we feel that any set of rules or tests can be applied to make the clause applicable or inapplicable. It is the best procedure to give the term "use" a reasonable common sense application to the facts of the case with which we are concerned.

*484 We must reject the defendant's contention for the reason that it was not the use or operation of the truck that caused the damage to plaintiff. It was the intervening act of negligence of the driver, apart from the operation and use of the truck, that set in motion the harm which came to Mr. Tillman. By the truck driver negligently leaving the spilled gravel on the highway unattended, the hazard unmarked and the motoring public not warned, a cause of action arose for recovery of damages. There is no connexity between the vehicle from which the gravel was spilled and the failure to protect the motoring public. For these reasons, we find that the negligent act which gave rise to the cause of action for the wrongful death of Mr. Tillman did not arise out of the "use" of the automobile within the terms of the comprehensive automobile liability coverage of Fireman's Fund policy, and that coverage applicable herein is under the comprehensive general liability feature of the policy."
Furthermore, we note that in Hurston v. Dufour, 292 So.2d 733 (La.App. 1st Cir. 1974), writs refused June 7, 1974, La., 295 So.2d 178, our brethren of the First Circuit therein recognized the soundness of the legal proposition espoused in State Farm Mutual Automobile Insurance Company v. Partridge, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123, to the effect that if liability arises from two sources, namely a non-auto related incident as well as an auto related occurrence, the mere fact that one source is excluded under the homeowners policy does not render the homeowners coverage ineffective if the other source of liability is included thereunder. The court in Hurston, supra, page 740, stated:
"In Partridge, above, the insured carried an automobile liability policy and a homeowners policy with his insurer, State Farm. A guest passenger in Partridge's hunting vehicle was injured when Partridge's hand gun, being carried therein, discharged accidentally. The weapon fired when Partridge drove his vehicle off a road in pursuit of game. The insurer brought an action to determine whether the automobile liability policy or homeowners policy covered the incident. In essence, the court found Partridge liable for the negligent handling of a firearm, which risk was within the coverage of the homeowners policy which generally protected the policy holder from non-auto related accidents. The court concluded that if liability arises from two sources, namely, a non-auto related incident as well as an auto-related occurrence, the mere fact that one source is excluded under the homeowners policy does not render the homeowner's coverage ineffective if the other source of liability is included thereunder. So finding, the court held coverage was afforded the insured both under the automobile liability policy and the homeowners policy.
Our jurisprudence is established to the effect that decisions of other jurisdictions are persuasive and will be considered in disposing of issues res nova in our own courts, but are not controlling. Roux v. New Orleans Police Department, La. App., 223 So.2d 905. We readily acknowledge the soundness of Partridge, above, under the factual situation presented therein . . ."
A review of plaintiff's petition in this matter reveals that petitioner seeks recovery not only for the alleged negligent acts of Kenneth Allen, Jr. in failing to properly operate the vehicle but also for certain alleged negligent acts of Kenneth Allen, Sr. unrelated to the operation or use of the vehicle. In this latter connection the plaintiff's petition alleges that Kenneth Allen, Sr. was negligent in the following regard:
1. In failing to observe petitioner climb the tree;
2. In failing to properly supervise the tree climbing operation;
3. In failing to properly instruct both petitioner and Kenneth Allen, Jr. as to the dangers of the tree-climbing operation; and,
4. In failing to exercise due care under the existing circumstances.
*485 Clearly plaintiff's petition charges Kenneth Allen, Sr. with acts of negligence which are completely independent of and totally unrelated to his ownership and use of the vehicle herein involved. Following the reasoning of Tillman, supra, and Partridge, supra, if it be determined that Kenneth Allen, Sr. was guilty of these alleged acts of negligence which are independent of and unconnected with the use of the vehicle then the insurance coverage applicable would be under Allen Sr.'s homeowner's policy. This being so we cannot agree with the trial court's conclusion that no genuine issue of material fact exists herein and that the defendant State Farm is entitled to judgment as a matter of law.
We are careful to point out that at this juncture we make no determination as to whether the exclusionary clause in the State Farm homeowner's policy is applicable. Instead, we only determine that under the two-fold test as enunciated in Bruno, supra, and as applied in Tillman, supra, there is a question of material fact raised as to whether State Farm's policy provides coverage under the circumstances. There being a genuine issue of fact summary judgment was not proper.
For the above and foregoing reasons the judgment appealed from is hereby reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Earl H. Johns and against the defendant, State Farm Fire and Casualty Company, dismissing the latter's motion for summary judgment. Further, this matter is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are to be borne by appellee, State Farm, however, all other costs are to await the final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] There is no question but that Kenneth Allen, Jr. was a resident of his father's household and an insured under both the State Farm and Allstate Policies.
[2] Thereafter plaintiff amended his petition to add Allstate as a party defendant.