KLEES, Judge.
This is an appeal by Ryder Truck Rental, Inc. from a summary judgment in favor of First of Georgia Underwriters Company. The issue in this appeal is whether a homeowners policy excludes coverage for the vicarious liability of a father for the negligent acts of his minor son as a result of an automobile collision when said policy contains an automobile exclusion clause. We conclude, as did the trial Court that there is no coverage and affirm.
Jimmy Nuzzo, minor son of Frank and Violet Nuzzo, and several of his friends were involved in a collision with a tractor-trailer truck owned by Ryder Truck Rental, Inc. (Ryder) and leased to Liquid Carbonic Company. Ryder sued all occupants in the automobile, their parents and insurers for damages to the truck and loss of rental use in the amount of $25,325.92. The homeowners insurer of the Nuzzo’s, First of Georgia Underwriters Company (First of Georgia), was sued by Ryder under the theory that Frank Nuzzo is vicariously liable for the acts of his minor son, Jimmy. First of Georgia filed a Motion for Summary Judgment contending that since the homeowners policy contains an automobile exclusion clause, there is no coverage provided for this situation. The Motion for Summary Judgment was granted by the trial court and Ryder appeals that judgment.
*732 The applicable provisions of the homeowners policy state:
Coverage E — Personal Liability This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence,
and under the exclusion provisions:
This policy does not apply:
1. Under Coverage E — Personal Liability and Coverage F — Medical Payments to Others:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of ...
(2) any motor vehicle owned or operated by or rented or loaned to any Insured;
Furthermore, the policy defines an Insured as:
(1) the named Insured stated in the Declarations of this policy;
(2) if residents of the Named Insured’s household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured;
The petition filed by Ryder alleges, among many allegations not part of this appeal, that the insured’s minor son was driving a borrowed automobile which caused damage to the Ryder truck. It is clear from a reading of the policy and the record that the minor son was an “Insured” under the policy provisions and that the property damage to the Ryder truck occurred while he was driving a loaned vehicle. We find that the policy exclusion is applicable to Jimmy Nuzzo as an insured and no coverage is afforded to him by the homeowners policy for property damage arising out of the use of the motor vehicle.
Alternatively, Ryder contends that the vicarious liability of the father under LSA-C.C. Article 2318 which makes a parent strictly liable for the damage occasioned by his minor renders the policy exclusion inapplicable. We find no merit to this argument.
This Court was confronted with this same argument in Hill v. Liberty Mutual Insurance Company, 357 So.2d 61 (La.App. 4th Cir.1978), writ denied 359 So.2d 196 (1978), wherein it was held that since the provisions of the policy were unambiguous and the policy was a valid contract between the parties, it must be given effect. LSA-C.C. Article 1901; Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4th Cir.1976); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir.1972) writ refused, 261 La. 824, 261 So.2d 230 (1972). Since Ryder advances basically the same argument as in Hill, supra, and the same provisions of the policy apply, we find that the automobile exclusion of the homeowners policy excludes coverage for property damage where the father may be vicariously liable for the acts of his minor as in this instance. To hold otherwise, would create an automobile policy out of a homeowners policy which defeats the purpose of the two distinct policies.
Ryder believes that Frazier v. State Farm Mut. Auto Ins. Co., 347 So.2d 1275 (La.App. 1st Cir.1977), writ denied 351 So.2d 165 (1977), is controlling because that Court held that the homeowners insurer could be liable for the negligence of the insureds even though there was an automobile exclusion clause in the policy. That case is distinguishable from the present case. Although the minor daughter of the insured in the Frazier case, supra, caused bodily injury to a child with the insured’s automobile, the insureds were entrusted with the care of the child on their premises. The claim for negligence against the insureds was an independent claim not dependent on the theory of vicarious liability for bodily injury caused by their minor daughter to the child. Such is not the case in the present situation. Here, we have a situation where the alleged negligence of the minor is vicariously imposed upon the father in a claim for property damage not occurring on the premises. There is only *733 one claim whereas in Frazier, supra, there were two separate and distinct claims.
Therefore, for the reasons assigned, we find that the trial judge correctly granted summary judgment in favor of First of Georgia Underwriters Company. All costs of this appeal are to be paid by Ryder Truck Rental, Inc.
AFFIRMED.