702 So.2d 1179 (1997)
Annette MARTELLO
v.
STATE FARM FIRE AND CASUALTY COMPANY, Charles and Carol Adcock, Progressive Insurance Company, Rick and Rachell Welborn, Republic Underwriters d/b/a Vanguard Insurance Company.
No. 96 CW 2375.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
Rehearing Denied December 17, 1997.
*1180 Douglas K. Williams and Cullen J. Dupuy, Baton Rouge, for Relator Vanguard Underwriters Insurance Co.
Aidan C. Reynolds, Baton Rouge, for Respondents Annette and Mike Martello.
Michael P. Colvin, Baton Rouge, for Respondents State Farm Fire and Casualty Company and Charles and Carol Adcock.
Kenneth E. Barnette, Baton Rouge, for Respondents Rick and Rachell Welborn and Progressive Specialty Insurance Company.
Donald M. Pierce, New Orleans, for Respondent Carol Adcock.
Brian J. Prendergast, Baton Rouge, for Respondent Charles Adcock.
Before GONZALES and PARRO, JJ., and TYSON[1], J. Pro Tem.
GONZALES, Judge.
This case comes before us on a writ of certiorari. The lawsuit stems from a tragic automobile accident which resulted in the death of three teenagers: Shaun Martello and Ashley Adcock, the passengers, and Joseph Sanderson, the driver of the car.
On August 25, 1995, Annette and Mike Martello filed suit against Charles and Carol Adcock (the parents of Ashley Adcock), State Farm Fire and Casualty Company (the Adcock's homeowner's insurance company), Progressive Insurance Company[2] (Joseph Sanderson's automobile liability insurer), Rick and Rachell Welborn (the mother and step-father of Joseph Sanderson), and Republic Underwriters, d/b/a Vanguard Insurance Company (the Welborn's homeowner's insurance company), for damages arising from the death of their son, Shaun. The petition reads in pertinent part:
2.
On the weekend of January 14, 1995, the care, custody, supervision and control of petitioner's minor child, Shaun Martello, was placed in the hands of defendants Charles and Carol Adcock, parents of Ashley Adcock.
3.
In the early morning hours of January 16, 1995, Shaun Martello suffered fatal injuries while the passenger in a vehicle owned by defendants Rick and Rachell Welborn and being driven at an extremely high rate of speed by their minor child, Joseph Sanderson.
4.
At the time of the collision, Joseph Sanderson was driving the Welborn's 1990 Nissan 300ZX at an excessive rate of speed in an attempt to flee and elude deputies of the Jefferson Parish Sheriff's Office, who *1181 had attempted to stop Sanderson for speeding.
5.
While traveling west bound on U.S. Highway 61, Sanderson failed to heed a red light at the intersection of U.S. 61 and the main entrance to New Orleans International Airport, striking a U.S. Postal Service tractor trailer which had the right-of-way.
6.
As a result of this tragic collision, Shaun Martello and Joseph Sanderson were pronounced dead at the scene and Ashley Adcock was transported to East Jefferson General Hospital where he subsequently died[.]
7.
Carol and Charles Adcock are liable for damages arising from the wrongful death of Shaun Martello for their failure to properly supervise the minors in their care; specifically, their negligence in allowing petitioner's minor child to accompany their son to the Welborn household and to spend the night with the Welbornswithout petitioner's knowledge or authority, and other acts of negligence or fault to be shown upon trial of this matter.
8.
In addition to their vicarious liability under Article 2318 of the Louisiana Code of Civil Procedure for Joseph Sanderson's reckless operation of the vehicle and other acts of negligence or fault, defendants Rick and Rachell Welborn are also liable for damages arising from the wrongful death of Shaun Martello for their independent and personal negligence in failing to properly supervise the minor children in their care and other acts of negligence or fault to be shown upon trial of this matter.
9.
At the time of the collision, defendants Charles and Carol Adcock were insured under a policy of homeowners liability insurance issued by defendant State Farm Fire and Casualty Insurance Company, and defendant is therefore liable for damages arising from the wrongful death of Shaun Martello.
10.
At the time of the collision, the vehicle driven by Joseph Sanderson was insured under a policy of automobile liability insurance issued by defendant Progressive Insurance Company, and defendant Progressive Insurance Company is therefore liable for damages arising from the wrongful death of Shaun Martello.
11.
Furthermore, at the time of the collision, defendants Rick and Rachell Welborn were insured under a policy of homeowners liability insurance issued by Republic Underwriters d/b/a Vanguard Insurance Company, and defendant Republic Underwriters d/b/a Vanguard Insurance Company is therefore liable for damages arising from the wrongful death of Shaun Martello.
* * * * * *
The Welborn's homeowner's insurance policy provides in pertinent part:
COVERAGE EPersonal Liability
If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured";....
* * * * * *
SECTION IIEXCLUSIONS
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to "bodily injury" or "property damage":
* * * * * *
f. Arising out of:

*1182 (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
(2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or
(3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
Based upon these exclusions, Vanguard filed a motion for summary judgment. After a hearing, the trial court ruled in favor of the Martellos, denying the motion for summary judgment. In oral reasons for judgment, the trial court stated, "I think there exists a genuine issue of material fact whether or not the Welborns exercised the common sense that you spoke about, counsel. Therefore, the court is going to deny summary judgment." Thereafter, Vanguard filed an application for supervisory writs to this court. On May 5, 1997, this court ordered that a writ of certiorari be issued.
After a thorough review of the record, we reverse the denial of the motion for summary judgment, and grant summary judgment in favor of Vanguard, finding that the use of the car was an intrinsic part of the damages and the tortious conduct. We conclude that this same result would be reached under the old summary judgment law as under the new summary judgment law.

ANALYSIS
In the case relied upon by the Martellos in their opposition to the motion for summary judgment, Frazier v. State Farm Mutual Automobile Insurance Company, 347 So.2d 1275 (La.App. 1st Cir.), writ denied, 351 So.2d 165 (La.1977), the use of the car was only incidental to the accident. In Frazier, a young child in the care of the defendants, the Vedroses, was left unsupervised in their driveway, and was hit by a car driven by the Vedroses' daughter. The Vedroses were found to have coverage under their homeowner's insurance policy because the automobile was not the generating source of the accident; rather, their failure to properly supervise the child was the generating source of the accident. The facts of Frazier are unique. We cite a portion of the Frazier opinion below.
The basis for holding [the homeowner's insurer] liable is set out in paragraph 2 of the plaintiff's petition, as follows:
"Albert L. and Beula Vedros were at fault in not minding said child and knowing the whereabouts of said child and seeing to it that said child was not in the way of any vehicles driven by anyone on said property since Beula Vedros was temporarily tending said child for plaintiff and they were otherwise at fault."
It is the exceptor's position that "the generating source of the accident" was the alleged negligent operation of an automobile owned by exceptor's insured, Albert L. Vedros; hence, the claim asserted by the plaintiff is for
"... bodily injury ... arising out of the ownership, maintenance, operation, use, loading or unloading of: (2) any motor vehicle owned or operated by ... any insured,"
and is excluded from the homeowners policy.
We reverse and remand.
The petition alleges two distinct causes of action, i.e., one for the negligence of Mr. and Mrs. Vedros in not properly attending to the child while baby-sitting, and one for the negligent operation of the motor vehicle by the Vedros's daughter. The first cause of action is obviously concerned with the homeowners policy (Republic), while the second is based upon the automobile insurance policy (State Farm).
Republic could be held liable for the alleged negligence of the Vedroses even though, under the exclusionary clause, it does not afford coverage for the operation of the motor vehicle.
347 So.2d at 1276.
The Martellos argue that the general liability section of the Welborns' homeowner's policy covers negligent supervision of the *1183 teenagers. If such a broad interpretation were given to negligent supervision, it would subsume, and write out of the homeowner's insurance policy, all of the exclusions. Further, it would substitute a homeowner's insurance policy for automobile liability insurance. The unusual facts of the Frazier case do not justify such a broad interpretation.
The Louisiana Supreme Court, in Edwards v. Horstman, 96-1403 (La.2/25/97), 687 So.2d 1007, held that the automobile use exclusion applied. In Edwards, the issue presented was whether a driver's liability for the injuries to his passenger arose out of the "use" of a motor vehicle, so as to exclude coverage under his homeowner's insurance policy. Miss Edwards was a passenger in a convertible with the top down, seated on the top of the back seat. Mr. DeMoss was driving the convertible. A truck ran the convertible off the road and a passenger in the truck pulled out a gun. Mr. DeMoss, after being run off the road, and knowing a passenger in the truck had a gun, nonetheless followed the truck, and the passenger in the truck shot at the convertible. Miss Edwards was shot and seriously injured. The supreme court found that the conduct of Mr. DeMoss was a legal cause of Miss Edwards' injuries, and that the conduct was a "use" of the vehicle, therefore falling under the automobile use exclusion of the homeowner's insurance policy.

ANALYSIS UNDER AMENDED SUMMARY JUDGMENT LAW
The summary judgment law, as amended in 1996,[3] is explained in Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41:
La.Code Civ.P. art. 966, providing for summary judgment was recently amended and reenacted by Act No. 9 of the First Extraordinary Session of 1996. The amended statute provides that the summary judgment is designed to secure the just, speedy, and inexpensive determination of every action, and that the procedure is now favored.

We find that the amended article substantially changes the law of summary judgment. Under the existing jurisprudence, the summary judgment was not favored and was to be used only cautiously and sparingly. The pleadings and supporting documents of the mover were to be strictly scrutinized by the court, while the documents submitted by the party in opposition were to be treated indulgently. Any doubt was to be resolved against granting the summary judgment, and in favor of trial on the merits. Sassone v. Elder, 626 So.2d 345 (La.1993); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
The jurisprudential presumption against granting the summary judgment has been legislatively overruled by La. Code Civ.P. art. 966 as amended. In effect, the amendment "levels the playing field" between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed.
Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under Art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to Art. 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed. Rule Civ.Proc. 56(c) ...
685 So.2d at 694.
The second circuit court of appeal, in interpreting Hayes v. Autin, recently noted in Berzas v. OXY USA, Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149, 1152-53:

*1184 The court in Hayes v. Autin, supra, recognized that the 1996 amendment to La. C.C.P. art. 966 brings the Louisiana standard for summary judgment closely in line with Federal Rule of Civil Procedure 56 (FRCP 56). In the federal system, when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Company v. Zenith Radio Corporation, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
In construing summary judgments under FRCP 56, the United States Supreme Court stated that summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., supra. The Court in Anderson went on to state that if a defendant in a run-of-the-mill civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The Court further opined that the mere existence of a scintilla of evidence on the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.
The Supreme Court further discussed summary judgments in Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695(199). The court stated that Celotex made clear that FRCP 56 does not require the moving party to negate the elements of the nonmoving party's case. Rather, FRCP 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof.
In the case sub judice, the Martellos rest upon a conclusory allegation of "failure to properly supervise." The record shows no evidence of a failure to supervise. The offerings by the plaintiff fail to meet their burden of producing factual support sufficient to establish that the parents negligently supervised the teenagers or had any warning that their son was about to take the car.
Under the facts of this case, Vanguard made a prima facie showing that use of a car was not covered under the Welborns' homeowner's insurance policy. The Martellos were required to come forward with contested material facts which would prevent a summary judgment. Since they failed to do so, summary judgment must be granted.
For the foregoing reasons, we exercise our supervisory jurisdiction and grant the writ application; the trial court judgment denying the motion for summary judgment is REVERSED; and SUMMARY JUDGMENT IS HEREBY GRANTED in favor of Vanguard.
NOTES
[1] The Honorable Ralph E. Tyson, Judge, Nineteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note that the petition names "Progressive Insurance Company" but its answer showed the correct name to be "Progressive Specialty Insurance Company." Also, "Vanguard Insurance Company," in its answer, shows the correct name to be "Vanguard Underwriters Insurance Company."
[3] Hayes dealt with the 1996 amendment. Louisiana Code of Civil Procedure article 966 was amended again in 1997 by La. Acts No. 483, § 1 and 3, to incorporate the Hayes analysis.