laCANNELLA, Judge.
Relator, State Farm Fire and Casualty Company (State Farm), seeks writs from the trial court ruling denying its motion for summary judgment on the issue of insurance coverage. For the reasons which follow, we grant the writ and reverse the trial court ruling.
State Farm provided homeowner’s insurance to defendant, Richard Klibert. On the day of the accident giving rise to this lawsuit, plaintiffs son, Matthew Madere, accompanied the Klibert family to a crawfish boil off of the Klibert home property. They brought with them an off-road motorcycle owned by Richard Klibert. Matthew and Bryan Kli-bert, Richard Klibert’s son, rode off on the motorcycle, heading toward the back of the subdivision, to some open property to ride the motorcycle. While riding as a passenger on the motorcycle driven by Bryan Klibert, *267 Matthew was struck by or rode into a steel support cable extending from a utility pole. As a result of this accident, Matthew |4sustained serious injuries.
The plaintiffs, Sandra and James Madere, Matthew’s parents, originally filed suit against Bell South Telecommunications, Inc. d/b/a South Central Bell. By supplemental petition Time-Warner Entertainment Ad-vanee/Newhouse, Riverlands Cable Vision (Time-Warner) and Richard Klibert were added as defendants. Time-Warner thereafter filed a third party demand against State Farm as Richard Klibert’s homeowner’s insurer. State Farm filed a motion for summary judgment denying coverage. State Farm argued therein that coverage was excluded by the express policy provisions.
The trial court denied the State Farm motion for summary judgment. It is from this ruling that State Farm seeks writs.
State Farm argues, as it did below, that coverage for plaintiffs injuries is expressly excluded by the clear wording of the policy. The policy provides in pertinent part:
1. Coverage L [personal liability] and Coverage M [medical payments] do not apply to: ■ •
* * * * * *
e. bodily injury or property damage
arising out of the ownership, maintenance, use, loading or unloading of:
***** *
(2) a motor vehicle owned or operated by or rented or loaned to any insured;
******
f. bodily injury or property damage arising out of:
******
(2) the supervision by any insured of any person;
******
(4) any liability assumed through an unwritten or written agreement by any insured;
with regard to the ownership, maintenance or use of any aircraft, watercraft, or motor vehicle |s(or any other motorized land conveyance) which is not covered under Section II of this policy;
Plaintiffs alleged that Richard Klibert was negligent and, therefore, liable for Matthew’s injuries, vicariously for the acts of his son, and independently for his failure to supervise his son and Matthew, who had been placed in his care.
Respondents concede that the vehicle upon which the boys were riding at the time of the accident comes within the policy definition of a motor vehicle. They also concede that any vicarious liability on the part of Richard Kli-bert for the negligence of his son in operating the vehicle is excluded under the policy. However, they argue that the claim that Richard Klibert was negligent in supervising his son and Matthew, is not excluded by the policy as it is a separate and distinct claim from that involving the use of the vehicle. Respondents primarily rely on two cases in support of their argument, LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978) and Frazier v. State Farm, 347 So.2d 1275 (La. App. 1st Cir.1977). The trial court, in reaching its judgment, likewise relied on these two case .and additionally relied on Smith v. USAA Casualty Ins. Co., 532 So.2d 1171 (La.App. 4th Cir.1988).
The question presented under the facts of this case is whether the two exclusions in the State Farm policy, the motor vehicle exclusion and the supervision exclusion, exclude from coverage liability for the claim that Richard Klibert was negligent in his failure to supervise the two boys involved in the accident while riding the motor vehicle. We find that reliance on the above cited cases is misplaced and that coverage for injuries sustained by Matthew while riding the motor vehicle is excluded by .the policy provisions.
At the outset, it must be noted that the policy language in the three cited peases-is not the same as the policy language in the instant case. None of the policies in those three eases also contained the policy exclusion for supervising persons with regard to the use of a motor vehicle. Those cases were decided on the motor vehicle exclusion only. Even if we accepted those cases as control *268 ling as to the motor vehicle exclusion, the policy in the instant case contains an additional exclusion covering liability for supervision of a person.
Moreover, Frazier and LeJeune, are clearly distinguishable because in each ease there was a separate and distinct theory of liability from that involving the use of a motor vehicle. In Frazier, the theory of liability was for negligent supervision of a small child who was struck by an automobile not using one. In LeJeune, the theory of recovery was breach of law enforcement duties in directing traffic, not in using his vehicle. And Smith, while seemingly supporting respondent’s position (absent the additional supervision exclusion) has been criticized by noted legal commentators, 15 William Shelby McKenzie & H. Alston Johnson, III, Louisiana Civil Law Treatise § 72 (1996), and, the reasoning therein, is contrary to the reasoning in the more recent Supreme Court case in Picou v. Ferrara, 412 So.2d 1297 (La.1982).
In Picou, the Supreme Court held that a claim against an employer for negligent hiring of an incompetent employee to drive a vehicle was excluded from coverage under the automobile exclusion of the employer’s comprehensive general liability policy because use of the vehicle was essential to that theory of liability. In doing so, the court distinguished both Frazier and LeJeune, finding that in neither case was use of the vehicle an essential element in the theory of liability. In Picou, the court found that use of the vehicle was essential to the theory of liability and, therefore, covered by the exclusion. Similarly, in this |7case, the use of the motor vehicle is an essential element to the theory of liability, that Richard Klibert was negligent in his supervision or lack of supervision of the two boys’ use of the motor vehicle. Therefore, we find that coverage was excluded by the provision of the State Farm policy and that the trial court erred in denying the State Farm motion for summary judgment.
Accordingly, for the reasons set out above, we reverse the trial court ruling denying State Farm’s motion for summary judgment and render judgment granting the motion for summary in favor of State Farm. The case' is remanded for further proceedings consistent with the view expressed herein.

WRIT GRANTED.