hPLOTKIN, J.,
Dissents with Written Reasons.
The instant appeal involves a trial court judgment denying a motion for summary judgment filed by plaintiffs, John and Brenda Trammel, seeking to establish the liability of defendant, Liberty Mutual Insurance Co., under both automobile and homeowners insurance policies issued to defendant, Frank Trammel. The majority reverses the trial court judgment and grants partial summary judgment in favor of the plaintiffs, holding that Liberty Mutual is liable for the plaintiffs’ injuries under both policies. For the reasons explained below, I respectfully dissent from the majority decision to the extent it finds that Liberty Mutual could be liable to the plaintiffs under the provisions of the homeowners’ policy. I would affirm the trial court judgment denying the motion for partial summary judgment.
Under the most recent amendments to the summary judgment law. La. C.C.P. art. 966, this court reviews summary judgments de novo, considering the same standards applied by the trial court in deciding a motion for summary judgment Louisiana. Doe v. ABC Corp., 2000-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136, 140 La. C.C.P. art. 966(B) requires the party seeking Summary Judgment, who has the burden of proof, to show two things: (1) that “no genuine issues as to material fact” exist, and (2) that he “is entitled to judgment as a matter of law.” In order to meet his burden of proof, the mover is not required “to negate all essential elements of the adverse party’s claim, action, or defense, but rather to l^point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). Summary Judgment is now a favored procedure in Louisiana. La. C.C.P. art. 966(A)(2).
The plaintiffs in this case have not carried their dual burden of proving that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. The evidence shows that John Trammel suffered injury when he was knocked off a ladder solely because of Frank Trammel’s negligence in moving John Trammel’s vehicle during a limb removal operation on Frank Trammel’s *84 property. The vehicle was tied to a rope that was also tied to the dead limb that John Trammel was trying to remove. There appears to be no real dispute concerning these factual conclusions.
However, the plaintiffs have nevertheless failed to carry their burden of proving that they are entitled to judgment as a matter of law. The majority indicates that the plaintiffs are entitled to judgment because they might be able to prove one of the following theories of liability: (1) that Frank Trammel was liable for negligently supervising the limb removal process, or (2) that Frank Trammel is strictly liable for John Trammel’s injuries.
Concerning Frank Trammel’s alleged negligent supervision, the majority’s decision relies heavily on Johns v. State Farm Fire & Casualty Co., 349 So.2d 481 (La.App. 3d Cir.1977). In Johns, the court allowed recovery for damages incurred as a result of injury occurring during a dead tree removal operation under the homeowner’s liability policy insuring the defendant property owner. However, this case is clearly factually distinguishable from Johns, in which the primary involvement of the insured party was supervision of the dead tree removal process. The insured party was not driving the vehicle that caused the Johns plaintiff to fall, nor was he otherwise involved in the tree removal process. However, in the instant Lease, the insured party was not supervising the removal of the tree, but was instead behind the wheel of the vehicle that caused the accident. The majority’s decision essentially holds that Liberty Mutual could be hable under the homeowners’ liability policy it issued to Frank Trammel for Frank Trammel’s negligent supervision of his own conduct. No Louisiana court has ever found a party liable for negligently supervising his own conduct.
Moreover, I disagree with the majority’s statements indicating that Frank Trammel might be found strictly liability for John Trammel’s injuries. Strict liability was essentially abrogated in Louisiana pursuant to the 1996 amendments to La. C.C. art. 2317.1, which now requires a showing of knowledge in order to hold an owner or custodian of a thing answerable for damage occasioned by its ruin, vice, or defect. The accident that caused John Trammel’s injury occurred on June 24, 1999, after the effective date of the amendments abrogating strict liability. Moreover, the facts are clear that John Trammel’s injury was not caused by the rotten tree limb itself, which might have been sufficient for a finding of strict liability under the pre-amendment law, but purely by Frank Trammel’s negligent operation of the vehicle.
All of the acts of negligence that caused the injury in this case are covered by the liability provisions of Frank Trammel’s automobile insurance policy. There is simply no basis for liability under his homeowner’s insurance policy. Accordingly, I would affirm the trial court judgment denying the plaintiffs’ motion for partial summary judgment concerning Liberty Mutual’s liability under Frank Trammel’s homeowner’s liability insurance policy.