833 So.2d 524 (2002)
John B. DINGLER, et ux.
v.
ZURICH COMMERCIAL INSURANCE COMPANY, et al.
No. 02-674.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
Rehearing Denied January 15, 2003.
*525 W. Thomas Barrett, III, Attorney at Law, Lake Charles, LA, for Plaintiffs/Appellants, John B. Dingler, Lillie Dingler.
Elizabeth R. Smyth, John G. Alsobrook, Chopin, Wagar, Cole, Richard, Ruboul & Kutcher, Mandeville, LA, for Defendants/Appellants, Zurich American Insurance Company, Acme Truck Line, Inc.
Susan A. Daigle, Jason M. Welborn, Daigle, Scofield & Rivera, Lafayette, LA, for Defendant/Appellee, Assurance Company of America.
James T. McManus, M. Katherine Paine, McManus & Paine, Lafayette, LA, for Defendant, State Farm Mutual Automobile Insurance Company.
Preston D. Cloyd, Cloyd, Wimberly & Villemarette, Lafayette, LA, for Defendants, State Farm Mutual Automobile Insurance Company, Sidney J. Barras.
Daniel A. Rees, Rees & Rees, Breaux Bridge, LA, for Defendants, John A. Barras d/b/a Cajun Wood Products.
Court composed of NED E. DOUCET, JR., MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.
SULLIVAN, Judge.
John and Lillie Dingler, Acme Truck Lines, Inc. (Acme), and its workers' compensation insurer, Zurich American Insurance Company (Zurich), appeal the grant of summary judgment in favor of Assurance Company of America (Assurance). For the following reasons, we reverse.

Facts
During the early morning hours of October 4, 1999, John Dingler was making a delivery for Acme, his employer, to Knight Oil Tools (Knight) in Lafayette, Louisiana. Mr. Dingler was driving on Industrial Parkway, attempting to locate his destination, when he noticed an occupied vehicle in the parking lot of Cajun Wood Products. He parked his truck, approached the parked vehicle on foot, and asked the occupant, Sidney Barras, for directions to Knight. Mr. Dingler could not understand Mr. Barras, whose speech had been affected by a stroke. Returning to his truck, Mr. Dingler walked in front of Mr. Barras' vehicle. As he did so, Mr. Barras' vehicle moved forward striking him and throwing him onto the hood of Mr. Barras' vehicle. Mr. Barras' vehicle moved again, and Mr. Dingler rolled from the hood of the car and was struck again. Mr. Barras was employed by John Barras d/b/a Cajun Wood Products. He routinely arrived at work in the early hours of the morning, two o'clock a.m. or so, parked his car in the parking lot, and waited for Cajun Wood Products to open to its employees.
Mr. Dingler and his wife, Lillie, sued Sidney Barras, John Barras d/b/a Cajun Wood Products, and their respective insurers, for damages they suffered as a result of this incident. Acme and Zurich intervened seeking reimbursement of all workers' compensation benefits paid by them to or on behalf of Mr. Dingler.
John Barras d/b/a Cajun Wood Products and his insurer, Assurance, filed a joint motion for summary judgment on the issue of whether Sidney Barras was in the course and scope of his employment with Cajun Wood Products at the time of the accident. Assurance also filed a separate motion for summary judgment, asserting that the commercial general liability policy it issued in favor of John Barras d/b/a Cajun Wood Products contained an "automobile use exclusion" which excluded the accident sued on herein from coverage.
After a hearing, the trial court denied summary judgment on the course and scope issue and took the motion for summary judgment on the issue of the automobile *526 use exclusion under advisement. On August 13, 2001, the trial court issued written reasons, granting summary judgment in favor of Assurance under its automobile use exclusion. The Dinglers, Acme, and Zurich (Appellants) appeal the grant of summary judgment in favor of Assurance.

Standard of Review
Appellate courts review summary judgments de novo, under the same criteria which govern a district court's consideration of the appropriateness of summary judgment. See Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville, 615 So.2d 318 (La.1993). The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment may be granted only if the mover has proved that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
Appellants argue that summary judgment in favor of Assurance is precluded on the facts presented herein because: 1) independent acts of negligence committed by John Barras were not within the ambit of the automobile use exclusion; 2) there is an ambiguity within the automobile use exclusion; and 3) an issue of material fact exists as to whether Sidney Barras was an "insured" within the meaning of the automobile use exclusion.

Independent Negligence of John Barras
Assurance's motion for summary judgment is based on the automobile use exclusion contained in its commercial general liability policy issued to John Barras. The exclusion applies to any:
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
(Emphasis added.)
Assurance argues that this exclusion is applicable because Mr. Dingler's injuries arose out of Sidney Barras' use of an automobile. It cites Picou v. Ferrara, 412 So.2d 1297 (La.1982) and Oaks v. Dupuy, 26,729 (La.App. 2 Cir. 4/5/95); 653 So.2d 165, writ denied, 95-1145 (La.6/16/95); 655 So.2d 335, in support of its position. In Picou, 412 So.2d at 1300, the supreme court rejected the plaintiff's argument that the employer's negligence in hiring an incompetent driver and allowing him to make deliveries was independent of the employee's negligence in causing the automobile accident sued upon, finding the use of an automobile to be "a common and essential element in each theory of liability."
In Oaks, 653 So.2d at 167, the second circuit, finding "that no personal injuries could have resulted to these plaintiffs, absent actual use of the vehicle," held that the insured's negligent entrustment of his vehicle to his son, who was known to drive recklessly and while under the influence of alcohol, was not independent of his son's use of the vehicle.
Citing LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978); Frazier v. State Farm Mutual Automobile Insurance Co., 347 So.2d 1275 (La.App. 1 Cir.1977), writ denied, 351 So.2d 165 (La.1977); Johns v. State Farm Fire & Casualty Co., 349 So.2d 481 (La.App. 3 Cir.1977), Appellants assert that John Barras was negligent with regard to the accident and that his negligence was independent of Sidney Barras' use of an automobile; therefore, *527 the automobile use exclusion does not apply. In the cases cited by Appellants, the courts recognized that if a plaintiff asserts two theories of liability, one which falls within the automobile use exclusion and one which does not, the exclusion defeats only the claim premised upon the use of the automobile.
Acme and Zurich alleged in their petition of intervention that John Barras was "independently negligent for allowing Sidney Barras to continue his employment with knowledge that he possessed significant physical impairment which created danger to the traveling public while operating a motor vehicle." Thereafter, the Dinglers amended their petition, alleging:
Defendant, John A. Barras, was independently negligent for hiring Sidney J. Barras and permitting him to continue his employment with Cajun Wood Products and/or Cajun Woodworkers with the knowledge that Sidney J. Barras possessed a significant impairment which created a danger to the public, which negligence and impairment was a cause in fact of the accident in question and the injury sustained by [plaintiff], John B. Dingler.
In LeJeune, 365 So.2d 471, a sheriff's deputy failed to secure an intersection for the passage of a funeral cortege and an accident occurred. The supreme court held that the deputy's negligence arose out of his failure to follow department orders, not out of the use of his automobile; therefore, the automobile use exclusion did not apply.
In Johns, 349 So.2d 481, the plaintiff sued for injuries he sustained while assisting the defendant with the removal of a dead limb from a tree on the defendant's property. A safety rope, attached to the plaintiff's waist and to the defendant's truck, was kept taut by the defendant's son moving the truck forward as instructed by his father. The plaintiff was injured when the rope broke and he fell to the ground. He sued, alleging negligence by the son in operating the truck and by the defendant for failing to observe, supervise, instruct, and exercise due care with regard to the tree climbing operation. This court found that the plaintiff had alleged negligence on the part of the defendant which was independent of the use of the truck and reversed summary judgment in favor of the defendant's homeowners' insurer.
In Frazier, 347 So.2d 1275, the plaintiff sued the defendants, their automobile insurer, and their homeowners' insurer for injuries her daughter suffered when she was struck by a car driven by the defendants' daughter. The accident occurred at the defendant's home while they were babysitting the child. The first circuit reversed the trial court's grant of summary judgment because the plaintiff's claims set forth two independent theories of the defendants' liability: 1) their daughter's negligent operation of the car and 2) their own negligence in failing to properly supervise the child while she was in their custody.
We note that neither Picou nor Oaks concerned accidents which occurred on an insured's premises as in Johns and Frazier. Furthermore, in Picou, 412 So.2d at 1300, the supreme court distinguished the facts presented therein from those presented in Frazier, stating: "Use of the automobile was not essential to such a theory of liability for injury to a child on the premises. The automobile was an essential fact of the accident, but only incidental to the theory of liability under the homeowners policy." Id. (Emphasis added.)
Appellants contend that John Barras knew Sidney Barras had a condition or impairment "which created a danger to the public," but allowed him to continue driving to work, arriving before other employees, *528 and parking his car on the Cajun Wood Products parking lot without supervision, and that this constituted a premises hazard.
John Barras owns a portion and leases a portion of the property where Cajun Wood Products is situated. An owner and occupier of land has a duty to discover any unreasonably dangerous conditions existing on his premises and to either correct those conditions or to warn of their existence. Silliker v. St. Landry Parish Police Jury, 520 So.2d 880 (La. App. 3 Cir.1987). Property owners are not insurers of the safety of visitors, but they have a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which they are intended. David v. Reon, 520 So.2d 820 (La.App. 3 Cir.1987), writ denied, 522 So.2d 564 (La.1988). Appellants have alleged two theories of liability regarding John Barras: 1) an employer's liability for the negligent acts of his employee, and 2) an owner/occupier's liability for his failure to keep his premises in a safe condition.
The distinction argued by Appellants is best understood when it is considered in conjunction with their third assignment of error, i.e., the trial court should not have granted summary judgment without a determination of whether Sidney Barras was in the course and scope of his employment at the time of the accident.
The automobile use exclusion in Assurance's policy is applicable if two facts are established: 1) Mr. Dingler's injuries arose from the use of an automobile and 2) the automobile was "owned or operated by ... any insured." Section II of Assurance's policy defines "an insured" to include "[y]our employees ... but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business." If Sidney Barras was not within the scope of his employment at the time of the accident, he was not an insured under the policy, and the automobile use exclusion does not apply. However, John Barras may be liable to the Dinglers for his failure to maintain his premises in a safe manner.
For these reasons, we find that there are two issues of material fact which preclude summary judgment herein: 1) whether Sidney Barras was in the course and scope of his employment at the time of the accident and 2) whether John Barras maintained the premises of Cajun Wood Products in a safe condition.
The judgment of the trial court is reversed. All costs of this appeal are assessed to Assurance.
REVERSED.