| jWALTZER, J.,
Dissenting with Reasons.*
Because the majority opinion ignores the burden of proof provisions of Louisiana’s law of summary judgment, I must respectfully dissent.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a | ¡.genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
Once mover has properly supported the motion for summary judgment, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendments to La.C.C.P. art. 966 bring Louisiana’s standard for summary judgment closely in fine with the federal standard under Fed.Rule Civ.Proc. 56(c). Hayes v. Autin, 96-287 (La.App.3 Cir. 12/26/96); 685 So.2d 691, 694, wrii denied, 97-0281 (La.3/14/97), 690 So.2d 41. The summary judgment law was amended by La.Acts No. 483 of 1997 to incorporate the Hayes analysis.
Under Fed.Rule Civ.Proc. 56, when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. In construing the federal summary judgment rule, the United States Supreme Court held that summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a defendant in an ordinary civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Id. The Anderson court further held that the mere existence of a scintilla of evidence on the non-moving party’s position would be insufficient; there must be evidence on which the jury could reasonably find for that party. In Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, UlJjjL.Ed.2d 695 (1990), *57 the court held that Fed.Rule Civ.Proc. 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party’s case and on which that party will bear the burden of proof. Berzas v. OXY USA, Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149, 1152-53; Martello v. State Farm, Fire and Cas. Co., 96 2375 (La.App. 1 Cir. 11/7/97), 702 So.2d 1179, 1183-84.
The majority finds disputed material fact in a series of rhetorical questions, asking who paid or was required to pay the real estate commission at issue herein. A fact is material if it is essential to a plaintiffs cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Slo-man Neptun Schiffahrts, AG., 611 So.2d 691, 699 (La.App. 4th Cir.1992), writ not considered 613 So.2d 986 (La.1993).
The uncontroverted affidavit of Canal 66’s Controller, Donald E. Bryan, states upon personal knowledge that Canal 66 paid the contractual real estate commission on a timely monthly basis to Clement J. Dufau during his life (from January 1987 to December 1991) and to Mr. Du-fau’s succession after his death (from January 1992 to January 2001).
When a motion for summary judgment is made and supported with affidavits, depositions and/or answers to interrogatories, the adverse party may not rest merely on the allegations or denials contained in the pleadings. Poydras Square Assoc, v. Suzette’s Antique, 614 So.2d 131, 132 (La.App. 4th Cir.1993).
The Bryan affidavit establishes that the real estate commissions were paid. In the absence of sworn evidence to the contrary, the opposing party has failed to carry its burden of providing contrary evidence, showing a genuine issue of |4material fact as to which it will have the burden of proof at trial. Therefore, I would affirm the judgment of the trial court.

 Note: Judge Miriam G. Waltzer authored this dissent prior to her retirement.