WILLIAMS, J.
hThe plaintiff, James Richardson, appeals a summary judgment in favor of the defendants, ASI Lloyds and Cash Clay. The district court found there were no genuine issues of material fact concerning the question of whether Clay was negligent in allowing his girlfriend, who could not swim, to host a children’s pool party in his absence. For the following reasons, we reverse and remand for further proceedings.
FACTS
On June 27, 2011, 12-year-old Jamarcus Hilliard attended a birthday party at the Sterlington residence of Cash Clay. During the party, Jamarcus, who could not swim, and eleven other children were permitted to play in and around the swimming pool located on the property owned by Clay. In addition to Clay, the other residents of the household were his girlfriend, Kinsha Walton, and her three children, Kimberly Walton, Derek Walton and Alexis Walton. Kinsha and Alexis did not know how to swim, but Kimberly and Derek apparently could swim. Clay allowed Kinsha to host the children’s party in his absence. During the party, Jamarcus drowned in the pool.
In an affidavit, Michael Douglas, the father of three children who were at the party, stated that he had arrived at the house shortly before the accident and that Kinsha was the only adult that he saw in the pool area. Douglas further stated as follows: that while he was speaking with Kinsha, some of the children began yelling that Jamarcus was in the deep end of the pool and wasn’t coming up; Kinsha said she could not swim and asked Douglas to get the boy; although Douglas could not swim either, he jumped |ginto the pool in an attempt to assist Jamarcus, but Douglas was unable to reach the boy and returned to the surface; someone then ran into the house to get Derek, who jumped into the pool and pulled Jamarcus out of the water, but he was already dead.
In her deposition, Kinsha Walton testified that when Douglas arrived, Derek, who was 20 years old, had just left the pool area and that Kimberly, who was deaf and in her 20s, was still near the pool. Walton stated that she was in the pool and speaking to Douglas when the children began yelling that Jamarcus didn’t come up. Walton testified that after Douglas could not reach the boy, she asked Kimberly to get Jamarcus, but she indicated in sign language that she did not know what to do. Walton stated that Alexis called Derek, who removed Jamarcus from the pool and attempted CPR, but Jamarcus did not respond. Jamarcus was transported to St. Francis North Hospital, where he was pronounced dead.
Subsequently, the plaintiff, James Richardson, the father of Jamarcus, filed a petition for damages against the defendants, Cash Clay and his homeowner’s insurer, ASI Lloyds. The defendants filed a motion for summary judgment and an exception of no right of action. The district court subsequently denied the defendants’ exception of no right of action.
After a hearing on the summary judgment motion, the district court issued written reasons finding that Kinsha Walton was not an insured under the insurance policy. The court further found that plaintiff failed to present evidence that the pool was defective or that Clay was negligent in allowing Kinsha Walton to host the party in his absence. The court rendered judgment granting the defendants’ motion for summary judgment and | ¡¡dismissing plaintiffs claims. The plaintiff appeals the judgment.
*955 DISCUSSION
The plaintiff contends the trial court erred in granting the defendants’ motion for summary judgment. Plaintiff argues that there is a genuine issue of fact as to whether Clay was negligent in relying on a non-swimming adult to supervise a pool party with a group of young children who could not swim.
To determine liability in a negligence case, we apply the duty-risk analysis, which requires the plaintiff to prove that the defendant’s conduct was a cause-in-fact of the resulting harm, that defendant owed a duty of care to the plaintiff, that the duty was breached and that the risk of harm was within the scope of protection afforded by the duty breached. Roberts v. Benoit, 605 So.2d 1032 (La.1991); St. Hill v. Tabor, 542 So.2d 499 (La.1989). Cause-in-fact is generally a “but for” inquiry, which requires plaintiff to show he would not have sustained injury but for the defendant’s conduct. Roberts, supra.
Duty is defined as the obligation to conform to the standard of conduct associated with a reasonable person in like circumstances. Wiley v. Sanders, 34,923 (La.App.2d Cir.8/22/01), 796 So.2d 51. The test to determine if a breach of a landowner’s duty has occurred is whether, in the management of his property, he has acted as a reasonable person in view of the probability of injury to others. Wiley, supra; Collins v. Whitaker, 29,324 (La.App.2d Cir.4/2/97), 691 So.2d 820. In a negligence action, each inquiry must be affirmatively answered in order for plaintiff to recover. Roberts, supra.
14Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party’s claim, action or defense; rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or defense. If the adverse party fails to produce factual support to show that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C).
Summary judgment is seldom appropriate when the particular circumstances of the case call for credibility evaluations and the weighing of testimony. Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App.2d Cir.4/7/04), 870 So.2d 1131, writ denied, 2004-1420 (La.9/24/04), 882 So.2d 1142. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.6/3/09), 13 So.3d 1209, writ denied, 2009-1491 (La.10/2/09), 18 So.3d 122.
In the present case, the record contains the deposition of Cash Clay, who testified that he knew that Kinsha Walton was going to have a swimming party at his residence. Clay stated that Kinsha could not swim, but that her adult children, Derek and Kimberly, knew how to swim. Clay |stestified that Kinsha had not told him Derek and Kimberly would be at the swimming party, but he knew they were always there when Kinsha hosted a pool party. Clay stated that Derek and Kimberly were there “to swim with the kids.” Clay testified that he did not know how *956 many children had been invited or whether any could swim, but there were sufficient life vests in the pool area. Although he stated that Derek helped his mother supervise the other children, Clay acknowledged he was told that Derek had been in the house and not at the pool when Jamar-cus was seen underwater.
The evidence presented demonstrates that Clay’s act of allowing young children who could not swim to use his pool was a cause of the injury, that the pool itself was not unreasonably dangerous and that Clay’s duty was to act as a reasonable person under the circumstances. Thus, we must first consider whether the evidence in the record creates a genuine issue of fact regarding Clay’s breach of this duty.
The deposition testimony shows that even though Clay knew young children would be using his pool, but did not know if they could swim, he decided not to be present during the party, thereby relying primarily on Kinsha to satisfy his duty to provide reasonable supervision. As the district court stated, Clay testified that he knew Derek and Kimberly, both in their twenties and able to swim, would be present at the pool party. However, Clay’s deposition testimony shows that although he expected Derek and Kimberly to be swimming at the party, Clay had not asked them to help Kinsha supervise the group of children in his absence. Nor had Derek and Kimberly told him they would help provide supervision. A trier of fact could reasonably determine that Clay’s knowledge that a 20-year-old will be 16swimming during a pool party is not the same as having that young adult be responsible for supervising the activity of young children in and around the pool.
Additionally, Kinsha testified that Derek and Kimberly were around the pool during the entire party, not that they were helping her supervise the children. We note that Kimberly is deaf and would have needed to maintain visual contact to supervise the children. There was no evidence that Derek and Kimberly were monitoring the children to make sure they were wearing life vests. Apparently, Kinsha, Derek and Kimberly all failed to notice Jamarcus enter the pool without a life vest. Based upon this record, an issue of fact exists as to whether Clay acted reasonably in relying on Kinsha, a non-swimmer, to supervise a group of young children who needed life vests to enter the pool, with the mere expectation that Derek and Kimberly would be present at the party.
If Clay relied on Derek’s presence to assist Kinsha with supervising the children, then part of her duty to supervise includes keeping Derek, who could swim, at the scene. However, the evidence demonstrates that at the time of the emergency when his help was needed, Derek was absent from the pool area and was in the house. The testimony shows that as a result of Derek’s absence, there was a critical delay between the time Kinsha was told of the drowning child and the time Derek returned to the pool to assist. The testimony shows that this delay occurred because Kinsha did not know how to swim and Kimberly did not know what to do in that emergency situation. Thus, in Derek’s absence, neither Kinsha nor Kimberly could act to rescue the drowning child during that last, brief period of time when the child |7might have had a chance to survive.
The scope of duty inquiry involves the question of how easily the risk of injury can be associated with the duty sought to be enforced. Roberts, supra. It is not necessary for the defendant to have foreseen the particular injury that occurred. A risk may be included in the scope of the duty if the injury is easily associated with other risks that are foreseeable. Forest v. *957 State DOTD, 493 So.2d 563 (La.1986). The injury involved here, the drowning of a child before timely aid was provided because a person supervising the children could not swim, can reasonably be considered within the scope of protection afforded by Clay’s duty to provide adequate supervision for the safety of children using his pool.
Based upon our consideration of the evidence presented and the applicable law, we conclude that genuine issues of material fact exist as to whether Clay breached his duty to provide reasonable supervision for young children using his pool and whether this duty encompasses the risk and harm that occurred. Consequently, the district court erred in granting the defendants’ motion for summary judgment. Accordingly, we shall reverse the summary judgment in favor of the defendants and remand this matter for further proceedings.
CONCLUSION
For the foregoing reasons, the district court’s judgment granting the defendants’ motion for summary judgment and dismissing plaintiffs claims is reversed. This matter is remanded for further proceedings. Costs of this appeal are assessed to the appellees, ASI Lloyds and Cash Clay.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
CARAWAY, J., dissents with written reasons.