STEPHENS, J.
This case involves two appeals. Plaintiffs, Amanda Kay Chreene and Dennis M. Trombley, appeal the judgment by the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, in favor of defendant ASI Lloyds, granting its motion for summary judgment. Defendant Howard C. Prince, Jr., appeals the judgment in favor of the plaintiffs, denying his motion for summary judgment. For the following reasons, we affirm both judgments.
FACTS AND PROCEDURAL HISTORY
This litigation arises from the death of the minor decedent, Austin Trombley ("Austin"), in the summer of 2014. At the time of his death, Austin was 16 years old and employed by Rowdy Adventures, LLC, which was a zipline park located in Arkansas owned by Howard C. Prince, Jr. While he was employed at Rowdy Adventures ("the park") for the summer, Austin resided at a nearby camp ("the camp") also owned by Prince. On the night of his death, Austin became intoxicated after consuming alcohol at the camp, drove a borrowed vehicle, missed a curve, left the roadway, and was killed in the single-car accident. Abigale Williams, the owner of the vehicle and only passenger, survived.
Following Austin's death, his parents, Amanda Kay Chreene and Dennis M. Trombley (collectively, "Plaintiffs"), brought suit against Prince for negligent supervision. They also named Rowdy Adventures, LLC, as a defendant and later amended their petition to include as an additional defendant the owner of the land the camp was situated on, Ark-La-Tex Shop Builders, Inc., which is also owned by Prince. ASI Lloyds ("ASI") is the homeowners insurance carrier for Prince and intervened in the litigation to seek judicial recognition that the homeowners insurance policy does not provide coverage for the liability asserted against Prince due to the motor vehicle and business pursuit exclusions contained in the policy. All defendants filed motions for summary judgment seeking dismissal from the suit.
In support of its motion for summary judgment, ASI submitted a memorandum, a copy of the homeowner's policy issued to Prince and his wife for the period of March 12, 2014, through March 12, 2015 (the "policy"), and certified copies of Plaintiffs' Original Petition for Damages, and *505 Amended Petition for Damages. In support of his motion for summary judgment, Prince submitted a memorandum, excerpts from his deposition, copies of the motor vehicle crash report and law enforcement investigative report, excerpts from Abigale Williams' deposition, a certified copy of Plaintiffs' Original Petition for Damages, excerpts from Plaintiffs' depositions, and a copy of Austin's employment application for Rowdy Adventures, LLC. Plaintiffs, in support of their opposition memorandum, submitted excerpts from Plaintiffs' and Prince's depositions, copies of the motor vehicle crash report and law enforcement investigative report, and a letter from Prince to counsel for Plaintiffs, dated June 12, 2015. The motions of both ASI and Ark-La-Tex Shop Builders, Inc., were granted, and the motions of Prince and Rowdy Adventures, LLC, were denied. Plaintiffs now appeal the grant of ASI's motion, and Prince appeals the denial of his motion.[1]
DISCUSSION
Summary Judgment Law
Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law. La. C. C. P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C. C. P. art. 966(A)(3). A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery, i.e. , material facts are those which potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Wells v. Town of Delhi , 51,222 (La. App. 2 Cir. 4/5/17), 216 So.3d 1095, writ denied , 2017-0753 (La. 9/22/17), 227 So.3d 821.
Appellate courts review summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Larson v. XYZ Ins. Co., 2016-0745 (La. 5/3/17), 226 So.3d 412 ; Schelmety v. Yamaha Motor Corp., USA , 50,586 (La. App. 2 Cir. 4/13/16), 193 So.3d 194, writ denied , 2016-0903 (La. 9/6/16), 205 So.3d 919.
Plaintiffs' Appeal of ASI's Summary Judgment
In its motion for summary judgment, ASI argued that the motor vehicle exclusions provisions of the policy prohibit coverage for any liability Prince may have for Austin's death because the language of the provision is clear and unambiguous and the undisputed facts show that Austin's death arose out of his use of a motor vehicle. ASI also argued that coverage was barred due to the business pursuits exclusion contained in the policy because the alleged lack of supervision arises out of or in connection with the business, Rowdy Adventures, LLC. The trial court agreed and granted ASI's motion for summary judgment on these issues.
The interpretation of an insurance contract is usually a legal question that can be properly resolved by means of a motion for summary judgment. Bernard v. Ellis , 2011-2377 (La. 7/2/12), 111 So.3d 995 ; Schelmety , supra . An insurance policy *506 is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Green ex rel. Peterson v. Johnson , 2014-0292 (La. 10/15/14), 149 So.3d 766 ; Schelmety , supra . An insurance contract must be "construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La. R.S. 22:881 ; Schelmety , supra . When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. In such cases, the insurance contract must be enforced as written. Schelmety , supra. However, exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Id. The burden is on the insurer to prove that a loss comes within a policy exclusion. Rodgers v. State Farm Mut. Auto. Ins. , 2015-0868 (La. 6/30/15), 168 So.3d 375 ; Schelmety , supra .
The pertinent portions of the policy pertaining to the motor vehicle exclusion reads as follows:
HOMEOWNERS 3 - SPECIAL FORM
DEFINITIONS
B. In addition, certain words and phrases are defined as follows:
1. ... Motor Vehicle Liability" ... mean[s] the following:
a. Liability for "bodily injury" or "property damage" arising out of the:
(1) Ownership of such vehicle or craft by an "insured";
(2) Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;
(3) Entrustment of such vehicle or craft by an "insured" to any person:
(4) Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or
(5) Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such a vehicle or craft.
...
7. "Motor vehicle" means:
a. A self-propelled land or amphibious vehicle; or
b. Any trailer or semitrailer ...
...
SECTION II - EXCLUSIONS
D. "Motor Vehicle Liability"
1. Coverages E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":
a. Is registered for use on public roads or property;
In their first assignment of error, Plaintiffs assert the trial court erred in granting ASI's motion for summary judgment and finding that the motor vehicle exclusion excludes coverage when the asserted theory of liability is negligent supervision and the duty to supervise did not involve the use of a motor vehicle. We disagree.
Specifically, Plaintiffs argue the motor vehicle exclusion under the policy does not apply because, while the use of the motor vehicle was essential to the accident, it is not essential to their asserted theory of liability against Prince, i.e. , negligent supervision, which they notably distinguish from negligent entrustment or use of a motor vehicle. In support of their argument for the distinction between theory of liability and nature of the accident, Plaintiffs rely on *507 Frazier v. State Farm Mut. Auto. Ins. Co. , 347 So.2d 1275 (La. App. 1 Cir. 1977), writ denied , 1977-60406 (La. 10/14/1977), 351 So.2d 165. In Frazier , the defendants were babysitting a child who was injured when run over by an automobile driven by their daughter. The petition filed by the child's mother alleged two distinct causes of actions-one for the negligence of the defendants for not properly supervising the injured child, and another for the negligent operation of the motor vehicle by the defendants' daughter. The defendants' homeowner policy, like the policy here, contained a motor vehicle exclusion. The first circuit held that the homeowner's insurer could be liable for the alleged negligence of the defendants even though under the exclusionary clause, it does not afford coverage for the operation of the motor vehicle. Id. at 1276.
However, this case is distinguished from Frazier because, here, the policy expands the motor vehicle exclusion incorporated in its policy beyond operation or use, and even negligent entrustment, of a motor vehicle. The policy specifically contains a provision that excludes coverage for liability arising out of the "failure to supervise or negligent supervision of any person involving such vehicle or craft by an 'insured.' " The language of this provision in the policy is clear and explicit and obviously intended to apply to the very circumstances that are alleged by Plaintiffs in their suit against Prince-negligent supervision. While we recognize that exclusionary provisions are to be strictly construed against the insured, there is simply no ambiguity present in this provision in the policy that would allow it to be construed in Plaintiffs' favor. Likewise, the enforcement of the provision as written would not lead to any absurd consequences. The policy clearly excludes coverage for any liability Prince may be found to have for Austin's death because such liability arises out of Austin's use or operation of a motor vehicle and/or out of Prince's failure to supervise or negligent supervision of Austin involving a motor vehicle. Therefore, we find the trial court correctly granted ASI's motion for summary judgment on this issue. This assignment of error is without merit.
In their second assignment of error, Plaintiffs assert the trial court erred in finding that the business pursuits exclusion prohibits coverage when the injury did not arise out of a business conducted from an insured location or engaged in by an insured. In its written opinion, the trial court reasoned as follows:
Furthermore, ASI Lloyd's business exclusion would serve to exclude coverage for the liability of the defendant, Howard C Prince, Jr. to the extent that he is: (1) liable as owner of Rowdy Adventures, LLC or Ark-La Tex Shop Builders, Inc.; (2) vicariously liable for Rowdy Adventures, LLC or Ark-La Tex Shop Builders, or any employee; or (3) otherwise liable for injury resulting in the failure to follow Louisiana employment law.
The trial court did not address whether or not ASI's business pursuits exclusion would exclude coverage in the event that Prince was found personally liable. Because we conclude that the coverage is excluded based on ASI's motor vehicle exclusion and that ASI's motion for summary judgment was therefore properly granted, further analysis of the business pursuits exclusion is now moot, and consideration of this assignment of error is unnecessary.
Prince's Appeal
Prince also appealed and asserts his own assignments of error regarding the trial court's denial of his motion for summary judgment.[2] In his first two assignments of *508 error, Prince asserts the trial court erred in finding there exists a genuine issue of material fact as to his negligence, whether he owed any duty to supervise Austin, and whether that duty was breached. We disagree.
Liability for negligence is determined by applying the duty/risk analysis. Bufkin v. Felipe's La., LLC , 2014-0288 (La. 10/15/14), 171 So.3d 851 ; Chesney v. Entergy La., L.L.C. , 51,718 (La. App. 2 Cir. 11/15/17), 245 So.3d 281, writ denied , 2017-2095 (La. 2/9/18), 236 So.3d 1262. The plaintiff must prove the defendant's conduct was the cause-in-fact of his harm, the defendant owed a duty of care, the defendant breached the duty, and the risk of harm was within the scope of protection afforded by the duty breached. Id.
Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship between the parties. Carroll v. Allstate Ins. , 51,591 (La. App. 2 Cir. 9/27/17), 244 So.3d 772 ; Gullette v. Caldwell Par. Police Jury , 33,440 (La. App. 2 Cir. 6/21/00), 765 So.2d 464. The question of whether a duty exists is a question of law which may be appropriate for resolution by summary judgment when it is clear that no duty exists as a matter of law and the facts of credibility of the witnesses are not in dispute. Gullette , supra.
The scope of duty inquiry involves the question of how easily the risk of injury can be associated with the duty sought to be enforced. Roberts v. Benoit , 605 So.2d 1032 (La.1991) ; Richardson v. Lloyds , 48,715 (La. App. 2 Cir. 3/26/14), 136 So.3d 953. It is not necessary for the defendant to have foreseen the particular injury that occurred. A risk may be included in the scope of the duty if the injury is easily associated with other risks that are foreseeable. Forest v. State, Through La. Dep't of Transp. & Dev. , 493 So.2d 563 (La. 1986). While the existence of duty is a legal question, "[t]here is no 'rule' for determining the scope of the duty." Roberts, supra; Pillow v. Entergy Corp., 36,384 (La. App. 2 Cir. 9/18/02), 828 So.2d 83, writ denied , 2002-2575 (La. 12/13/02), 831 So.2d 987. The scope-of-duty inquiry is fact sensitive and ultimately turns on "a question of policy as to whether the particular risk falls within the scope of the duty." Id.
Prince asserts he had no duty to supervise Austin. He testified in deposition and stated in a written letter submitted to counsel for Plaintiffs that there may have been an express or even legally implied assumption of responsibility to watch over Austin in previous years when Austin was placed in his care to attend trips as a guest of Prince's stepson. However, Prince claims he never told Plaintiffs he would take care of Austin or guarantee his safety while he was employed at the park or living in the camp. Chreene likewise testified Prince had not expressly made such a promise to her. However, Trombley testified that while he could not pinpoint the exact time and location of his conversation with Prince, Prince did explicitly promise, more than once, within the past three years to supervise Austin while he worked at the park and resided at the camp; notably, Trombley's deposition occurred approximately *509 2 ½ years after Austin's death. To grant Prince's motion, the trial court would have been required to make a credibility determination regarding the depositions of the parties. However, a trial court cannot make credibility determinations on a motion for summary judgment; it must assume that all affiants are credible. Independent Fire Ins. Co. v. Sunbeam Corp. , 1999-2181, 1999-2257 (La. 2/29/00), 755 So.2d 226 ; Wells, supra. The credibility of a witness is a question of fact, and, here, the testimony presents a genuine issue of material fact regarding the existence and time period of Prince's promise to Trombley.
Prince further asserts that even if he had a duty to supervise Austin, the accident falls outside the scope of duty because he could not have reasonably foreseen that Austin would consume enough alcohol to become intoxicated and then attempt to drive a vehicle borrowed from a third person. The deposition testimony of Abigale Williams establishes that on the night of the accident, she, Austin, and several others were consuming alcohol at the camp before leaving to continue drinking at a nearby riverbank; Prince was not present; and, Prince would not have approved of them consuming alcohol at the camp. Prince and Trombley both testified as well that Prince did not allow the consumption of alcohol at the camp or the park. Plaintiffs argue that if Prince had adequately supervised Austin, a 16-year-old boy, Austin would not have consumed any alcohol that night and the accident would never have occurred. They assert it is reasonably foreseeable that unsupervised teenagers would consume alcohol and sustain injuries as a result of their intoxication. The issue of scope of duty is fact sensitive. Considering the testimony, a reasonable trier of fact could determine that the accident was a foreseeable risk of harm and the accident could have been avoided if Prince had exercised a reasonable degree of supervision of Austin at the camp. We therefore find that the record before us establishes there is a genuine issue of material fact as to Prince's negligence, whether or not Prince owed any duty to supervise Austin, and whether or not he breached that duty. These assignments of error are without merit.
In his third assignment of error, Prince asserts the trial court erred in denying his motion for summary judgment and finding there exists a genuine issue of material fact as to his immunity from tort liability in accordance with La. R.S. 9:2798.4. We disagree.
Louisiana R.S. 9:2798.4 provides in pertinent part:
A. Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
(1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(2) Was operating a motor vehicle, aircraft, watercraft, or vessel while he was under the influence of any controlled dangerous substance described in R.S. 14:98(A)(1)(c) or R.S. 40:964.
B. The provisions of this Section shall not apply unless:
(1) The operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(1)(b), or the operator is found *510 to be in excess of twenty-five percent negligent as a result of being under the influence of a controlled dangerous substance described in R.S. 14:98(A)(1)(c) ; and
(2) This negligence was a contributing factor causing the damage. (Emphasis added).
While the documentary evidence before us establishes that Austin's blood alcohol content was 0.2 percent, no determination was made by the trial court with regard to Austin's percentage of negligence. Therefore, not all requirements for the application of the statute have been met. Prince, relying on Lyncker v. Design Eng'g, Inc. , 2010-0740 (La. App. 4 Cir. 10/20/10), 51 So.3d 137, writ denied , 2010-2592 (La. 1/14/11), 52 So.3d 904, asserts that a specific finding of fact regarding percentage of fault is not required where summary judgment evidence is sufficient to make a determination. However, here, the testimony establishes that Austin did not have a driver's license and was not known to ever drive, which could reasonably support a finding of additional causes for Austin's negligence, other than his intoxication. Thus there is a genuine issue of material of fact as to whether or not the motor vehicle accident and Austin's negligence were the result of his blood alcohol level as opposed to his lack of driving ability and/or experience and as to whether or not Austin was more than 25% negligent as a result of his intoxication. Accordingly, Prince's motion for summary judgment on the grounds of immunity from tort liability in accordance with La. R.S. 9:2798.4 was properly denied by the trial court. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the judgments of the trial court. Appellate costs are to be paid one-half by the plaintiffs, Amanda Kay Chreene and Dennis M. Trombley, and one-half by the defendant, Howard C. Prince Jr.
AFFIRMED .

The trial court rulings on the motions of Ark-La-Tex Shop Builders Inc. and Rowdy Adventures, LLC were not appealed.

Generally, the denial of a motion for summary judgment is an interlocutory judgment and is appealable only when expressly provided by law. La. C.C.P. arts. 968, 1841, 2083. However, we concur with the first and third circuits that in the interest of judicial economy, the denial of a motion for summary judgment may be reviewed in conjunction with an appealable final judgment. See MP31 Investments, LLC v. Harvest Operating, LLC , 2015-0766 (La. App. 1 Cir. 1/22/16), 186 So.3d 750 ; Mackmer v. Estate of Angelle , 2014-665 (La. App. 3 Cir. 12/10/14), 155 So.3d 125, writ denied , 2015-0069 (La. 4/2/15), 176 So.3d 1031. Therefore, Prince's assignments of error are appropriately reviewable in this appeal.