Judgment rendered April 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,437-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EVEREST STONE LLC                         Plaintiff-Appellee

versus

LOUISIANA SOUTHERN STONE          Defendant-Appellants
JOHN C. WATERS

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 78,888

Honorable Charles A. Smith, Judge

* * * * *

JOHN C. WATERS                            In Proper Person


NEWMAN, MATHIS, BRADY & SPEDALE      Counsel for Appellee
By: Richard L. Crawford


* * * * *

Before MOORE, PITMAN, and ROBINSON, JJ.

**MOORE, C.J.**

John C. Waters, surety of Louisiana Southern Stone LLC ("LSS"), appeals a summary judgment that ordered him to pay $26,828.05, plus legal interest and a 25% attorney fee, on an open account that Everest Stone LLC had extended to LSS. For the reasons expressed, we affirm.

**FACTUAL BACKGROUND**

In May 2017, LSS, a limited liability company in Minden, La., filled out a credit application ("the Application") with Everest Stone, a limited liability company in Addison, Texas. This was signed by Waters on behalf of LSS. On line 11, "Credit Requested," someone handwrote, " – o – (COD only)."

In January 2018, the same parties executed a credit and security agreement ("the Agreement"), which also was signed by Waters. Under the signature line was printed: "In consideration of credit being extended to the above named entity [LSS], I personally guarantee all indebtedness."

According to invoices attached to Everest's filings, Everest sold and shipped various loads of polished granite to LSS between February and August 2018. However, LSS fell behind in payments. In July 2020, Everest's attorney sent a demand letter to LSS for the balance due, $26,828.05. Apparently, no payment was made.

Everest filed this suit, on open account with personal guarantee, in October 2020. It named LSS and Waters, "who personally guaranteed the open account" of LSS. LSS has never filed any responsive pleading; eventually, Everest took a default judgment against it.

Waters, however, launched a vigorous pro se defense. He first contended that he signed the Application to guarantee items shipped "COD only," not for any other type of credit. He then filed a motion for partial summary judgment arguing that any goods not shipped COD, or for anything over the handwritten amount of "o," were "in excess of that expressly stated" in the suretyship, and he was not liable. He also argued that Everest's action in shipping granite on credit, rather than COD, materially altered the principal obligation, thus extinguishing the surety. In an affidavit, Waters admitted signing the continuing guarantee at the bottom of the Agreement, but stated that he was only a sales representative for LSS, not a member, owner, or officer. Acting pro se, Waters never requested a hearing on his motion for summary judgment.

In May 2021, Everest filed its own motion for summary judgment, attaching the affidavit of its president, containing an account summary, and certified copies of the Agreement, the Application, and invoices.

At the hearing on Everest's motion, Waters did not appear. After Everest presented its case, the court stated that the continuing guarantee was valid, and granted the judgment as prayed for. The court added that this disposition made Waters's motion moot.

Waters appealed devolutively, raising one assignment of error: the court erred in not granting his own motion for summary judgment, and in instead granting Everest's motion.

**WATERS'S POSITION**

Waters raises three arguments in support of his sole assignment of error. First, he contends that a surety cannot be liable for a sum in excess of that expressly stated in the surety contract. He cites La. C.C. art. 3067, "A

2

surety is not liable for a sum in excess of that expressly stated in his contract." He argues that the Application referred to zero credit and to goods shipped COD only; shipments on open account exceed this, and he is not liable for them.

Second, he contends that Everest materially modified the principal obligation, and thus extinguished the surety. He cites La. C.C. art. 3062, "The modification or amendment of the principal obligation * * * in any material manner and without the consent of the surety, has the following effects. An ordinary suretyship is extinguished." He argues that by shipping on open account, rather than on strict COD, Everest materially altered the obligation, ending the suretyship.

Third, he reiterates that a surety who expressly guaranteed payment of goods delivered only COD cannot be liable for sums due on an open account. He stresses that Everest "unilaterally" modified its obligation.

**DISCUSSION**

This court observes at the outset that the denial of Waters's motion for summary judgment is interlocutory and not appealable. La. C.C.P. art. 968; *Hood v. Cotter*, 08-0215 (La. 12/2/08), 5 So. 3d 819; *Weaver v. City of Shreveport*, 52,407 (La. App. 2 Cir. 12/29/18), 261 So. 3d 1079. However, the ruling may be reviewed in conjunction with an appealable final judgment. *Robertson v. Arledge*, 54,129 (La. App. 2 Cir. 9/22/21), 328 So. 3d 551, *writ denied*, 21-01837 (La. 2/8/22), __ So. 3d __; *Chreene v. Prince*, 52,351 (La. App. 2 Cir. 9/27/18), 256 So. 3d 501. Such is the case here.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting

3

documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3).

Contracts of guaranty or suretyship are subject to the same rules of interpretation as contracts in general. *Wooley v. Lucksinger*, 09-0571 (La. 4/1/11), 61 So. 3d 507; *Fleet Fuel Inc. v. Mynex Inc.*, 38,696 (La. App. 2 Cir. 6/23/04), 877 So. 2d 234. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046.

Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. La. C.C. art. 3035. A contract of guaranty is equivalent to a contract of suretyship. *Fleet Fuel Inc. v. Mynex Inc.*, *supra*. The extinction of the principal obligation extinguishes the suretyship. La. C.C. art. 3059. The modification or amendment of the principal obligation, or the impairment of real security held for it, by the creditor, in any material manner, and without the consent of the surety, extinguishes the ordinary suretyship. La. C.C. art. 3062.[1] A surety is not liable for a sum in excess of that expressly stated in his contract. La. C.C. 3067.

Written contracts may be modified by oral contracts or by the conduct of the parties. *Victus 1 Inc. v. Stocky's World Famous Pizza #14 Inc.*, 52,221 (La. App. 2 Cir. 9/26/18), 256 So. 3d 1146, and citations therein; *Driver Pipeline Co. v. Cadeville Gas Storage LLC*, 49,375 (La. App. 2 Cir.

---

[1] Waters has not alleged that he was a commercial surety, La. C.C. art. 3042, or a legal surety, La. C.C. art. 3043. If he had been a commercial surety, a material modification of the principal obligation would extinguish the suretyship "to the extent the surety is prejudiced by the action of the creditor," which, in this case, would be the same as completely extinguishing the suretyship.

4

10/1/14), 150 So. 3d 493, *writ denied*, 14-2304 (La. 1/23/15), 159 So. 3d 1058.

The Agreement states, "In consideration of credit being extended to the above named entity [LSS], I [Waters] personally guarantee all indebtedness." By plain reading, the words *all indebtedness* mean *obligation of any kind*, and the balance due for polished granite that was delivered to LSS's workplace in Minden is an obligation of any kind. The district court did not err in finding, beyond any genuine issue of material fact, that Waters obligated himself to pay this debt.

Waters contends that he is not bound because the amount claimed exceeds that stated in the surety, contrary to La. C.C. art. 3067. As noted, however, the suretyship instrument (here, the Agreement) refers to *all indebtedness*, so the amount claimed obviously does not exceed that stated in the surety.

Waters next contends that he is not bound because LSS's debt was modified in a material manner, without Waters's consent, contrary to La. C.C. art. 3062: the principal obligation (here, the Application) called for "o" credit and COD only; when Everest decided to extend credit, this was a material modification. Finally, he stresses that Everest made this modification unilaterally.

However, the invoices show that despite the earlier plan to use COD only, Waters subsequently signed the Agreement, thereby obligating himself to guarantee all indebtedness; and then, Everest shipped granite, and LSS accepted it, on credit. The conduct of the parties obviously modified the original Application. *Victus 1 Inc. v. Stocky's World Famous Pizza #14*, *supra*; *Driver Pipeline Co. v. Cadeville Gas Storage LLC*, *supra*. If Everest

5

acted unilaterally, then LSS and Waters did not object or refuse the shipments, and thus conferred their consent. These arguments lack merit.

## CONCLUSION

The district court did not err in finding no genuine issue of material fact and that Everest was entitled to judgment as a matter of law. All costs are to be paid by John C. Waters.

**AFFIRMED**.