Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,910-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MARIA MICKENS GREEN,                    Plaintiffs-Appellants
INDIVIDUALLY AND AS THE
NATURAL TUTRIX OF THE
MINORS, JOSHUA EVANS,
MAKIYA MICKENS, VERNON
EVANS, JR., MAKAYLA EVANS,
AND BRAXTON EVANS

versus

EAST CARROLL PARISH                    Defendant-Appellee
SCHOOL DISTRICT/BOARD

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of East Carroll, Louisiana
Trial Court No. 22,766

Honorable Laurie R. Brister, Judge

* * * * *

THE RAYMOND LEE CANNON                 Counsel for Appellants
LAW FIRM, LLC
By: Raymond Lee Cannon

HAMMONDS, SILLS, ADKINS,               Counsel for Appellee
GUICE, NOAH & PERKINS, LLP
By: Linda Kay Ewbank

* * * * *

Before STONE, STEPHENS, and THOMPSON, JJ.

**THOMPSON, J.**

A mother of a disabled child who uses a wheelchair was injured when she fell while transitioning her child from her vehicle into his wheelchair in the school parking lot. The special services school bus equipped with a wheelchair lift was not functioning properly, and the mother elected to transport this child and her other children to school herself that day. She asserts that her injuries were caused by the school board's failure to provide her disabled son with the necessary transportation, as provided by state law and his special education program. The injured mother filed suit against the school board alleging that it was negligent for failing to provide the required transportation and services to her son, which caused her to fall when she elected to transport him herself. Asserting that its alleged negligence was not the cause of her injuries, the school board filed a motion for summary judgment, which was granted by the trial court. The mother appeals. Finding no genuine issue of material fact regarding the school board's negligence and the cause of her injuries, we affirm the trial court's grant of the summary judgment.

## FACTS AND PROCEDURAL HISTORY

Appellant, Maria Mickens Green ("Green"), initiated this lawsuit following an incident that occurred while dropping her son, Joshua Evans ("Joshua"), off at his school one morning. Joshua, an 11-year-old 6th grader at the time of the incident, attended Griffin Middle Academy in Lake Providence, East Carroll Parish, Louisiana. Joshua has cerebral palsy and uses a wheelchair. Because of his disability, Joshua receives an Individualized Education Program ("IEP") plan through the Louisiana

Department of Education. Joshua's IEP plan specifically provides that he receives "Special Transportation," and notes that "he rides special services school bus" equipped with a wheelchair lift. The East Carroll Parish School Board ("school board") has a special services school bus with a wheelchair lift to provide this service.

On September 6, 2016, Green arrived at Griffin Middle Academy in her personal vehicle to drop her five children off at school, including Joshua. The school board's special services bus could not pick Joshua up for school that day because the wheelchair lift was not functioning properly. Green claims that she was not contacted by the bus aide or anyone from the school to let her know ahead of time that Joshua could not be picked up. The school board disputes that assertion and claims it did inform her of the problems with the bus that morning. As discussed below, the issue of if or when Green received notice of the malfunction of the wheelchair lift is not material to the issues before this Court.

Green asserts she only transported Joshua and her other children to school herself because the wheelchair lift was broken and Joshua could not ride the special services bus. Upon arrival at the school, Green exited her vehicle, removed Joshua's wheelchair from the vehicle, and set it up for him. While Green was lifting Joshua to transition him into his wheelchair, she alleges she fell backwards onto the ground, with Joshua falling on top of her, causing her injuries.

On August 28, 2017, Green filed a petition for damages against the East Carroll Parish School Board, individually and on behalf of her five children. Green alleges that her fall in the parking lot at Griffin Middle

2

Academy was caused solely by the fault and negligence of the school board: failing to provide the safe and required transportation for Joshua; failing to provide appropriate services and education for Joshua; failing to provide the appropriate assistance and planning for Joshua's transportation to and from school; and failing to abide by state law and regulations applicable to the education and assistive services for Joshua. Green claims that as a result of the school board's negligence, she and Joshua sustained bodily injuries and incurred medical expenses. Green also asserts loss of consortium claims on behalf of her four other children.

A pretrial conference was held on December 10, 2020, and a scheduling order was issued. The deadline to file dispositive motions was set for August 23, 2021, with a trial date of October 27, 2021. On August 18, 2021, the school board filed its motion for summary judgment. The school board mailed a courtesy copy of its motion for summary judgment to counsel for Green the day before, August 17, 2021. Counsel for Green was served by the Madison Parish Sheriff with the motion for summary judgment on or about August 31, 2021.

In its motion for summary judgment, the school board argued that it did not cause Green's injuries that resulted from her fall. The school board noted several material facts that were not in dispute. The school board asserted that Green regularly transports her son and her other children to and from school. The school board permits Green the added convenience and courtesy to load Joshua and her other children in the front of the school, as opposed to the side of the school where other students are typically dropped off. On the day of her fall, by her own admission, Green was tired and in a

hurry, and she did not seek assistance from any school board employee to help her with unloading Joshua from her vehicle. With regard to the special services school bus, the school board admitted that the wheelchair lift was not working that day, which was discovered during a daily safety check. Therefore, rather than breach its duty to provide safe transportation for Joshua, the bus did not pick him up. The school board also noted that the bus was new, and the issues with the wheelchair lift were not anticipated. The issues with the wheelchair lift arose at the beginning of the school year, and there were numerous attempts to repair the problem. The school board asserted that Green did not inform the Special Education Director, Pat Roberson, or any other employee at the school that she was unable to transport Joshua to school when the lift was not operational.

The school board argued that Green's fall was not due to a premises defect or any condition at Griffin Middle Academy. During her deposition, Green testified she was tired and in a hurry on the morning of her fall, and she did not identify a defect or dangerous condition on the property that caused her fall. Further, the school board argued that Green's fall was not caused by its inability to provide transportation on the bus for Joshua that morning. The school board contended that its duty to provide transportation to Joshua does not include an obligation to protect against the risk that Green – Joshua's parent – might lose her balance and fall while she hurriedly delivers her children to school. The school board argued the duty imposed by the school board's obligation to provide transportation to Joshua did not extend to Green to protect her from a personal injury. The school board

4

argued that the risk of injury to Green was an attenuated risk that was not foreseeable.

Green filed an opposition to the motion for summary judgment. Green included an objection to the motion for summary judgment on the basis of untimely service. Green argued that her attorney was not served with the motion by the Madison Parish Sheriff's Office until September 2, 2021. With her opposition memorandum, Green included Joshua's IEP plan, as well as deposition testimony from school board employees, including Special Education Director, Pat Roberson, and acting Superintendent, Megan Brown. Green argued the IEP plan provided that Joshua required special transportation services, specifically a bus equipped with a wheelchair lift. Further, Green argued that the lift was used to prevent falls and injuries to Joshua and aides or helpers. Green argued that the IEP plan does not specifically provide that Joshua is to be furnished a homebound teacher for a non-medical reason when the special services bus does not transport him to school, which is contradictory to the deposition testimony of the school board employees. Green also argued that the IEP plan does not specify that Joshua would receive an excused absence for the day in the event she could not transport Joshua herself when the bus was not running. Green implies those considerations were instrumental to her decision to transport Joshua to school that day.

The motion for summary judgment was heard on September 28, 2021. The trial court ruled in favor of the school board and dismissed Green's suit. In an oral ruling, the trial judge first found that the school board's motion for summary judgment was filed timely, in accordance with the court's

scheduling order. The trial judge noted that the school board does not have control of the service by the sheriff in Madison Parish, where Green's attorney is located.

The trial judge conducted a duty-risk analysis to determine whether the school board owed a duty to Green. The trial judge acknowledged that the school board did have a duty to provide transportation to Joshua to and from school. The trial judge stated that school board employees, Pat Roberson and Megan Brown, testified in their depositions that if Joshua had not come to school that day, the school would have provided homebound services and he would not have been marked absent. The trial judge noted that the school board could not have foreseen that Green would have been tired and in a hurry when she took Joshua to school, or that she would fall when unloading him from her vehicle. The trial judge noted that Green regularly unloaded Joshua at school, and she is permitted to park her vehicle close to the front entrance of school.

The trial judge found that the risk of Green falling in the course of a familiar and common task was not in the scope of the school board's duty to provide transportation to Joshua. With regard to Joshua's IEP plan and the school's legal duties, the trial court found those duties did not extend to Green's fall, particularly where there were no allegations of a defect in the parking lot, or any other factor that might have contributed to her fall. The trial judge concluded the evidence showed the only reason for Green's fall was her own haste and negligence, and there were no genuine issues of material fact. Green appeals.

6

Green asserts several assignments of error in her appeal of the trial court's ruling on the motion for summary judgment. First, we will consider Green's assignment of error which relates to service of the motion for summary judgment after it was filed.

*Service of Motion for Summary Judgment*

- **The school board's motion for summary judgment was not served according to law. It is not a judgment according to law.**

Green argues that the school board's motion for summary judgment was not timely served. However, the motion for summary judgment was timely **filed**, in accordance with the scheduling order issued by the trial court. The school board's motion and memorandum in support were received and filed by the clerk of court on August 18, 2021, 69 days prior to the trial date, and five days in advance of the August 23, 2021 date included in the trial court's scheduling order. Green's counsel was also mailed a copy of the motion on August 17, 2021. The record indicates that Green's counsel was served by the sheriff in Madison Parish on September 3, 2021, which provided additional notice before the scheduled hearing.

Green objected to the service date because it was past the deadline to file dispositive motions included on the scheduling order. Green urged her objection in both her opposition to the motion for summary judgment, as well as during the hearing on the motion on September 28, 2021. Both times, the trial court overruled the objection. Further, Green does not argue that a "delay" in service resulted in any hardship or prejudice, and we do not see that any hardship existed as a result of late service. Green had notice,

appeared at the hearing, and was not prejudiced in any manner. This assignment of error is without merit.

Green alleges two assignments or error claiming certain facts are material to her claims against the school board.

*Material Facts*

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Jackson v. Minden Police Dep't*, 54,799 (La. App. 2 Cir. 11/16/22), 351 So. 3d 880; *Green v. Brookshire Grocery Co.,* 53,066 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1256. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied*, 574 U.S. 869, 135 S. Ct. 197, 190 L. Ed. 2d 130 (2014); *Jackson, supra*. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Jackson, supra*.

- **The judgment granting the school board's motion for summary judgment is error of law because there are genuine issues of material fact on the legal issue of the foreseeability of the mother of a disabled child falling with the disabled child as she is tired and hurries the child to school, where there is conflicting evidence on whether the mother was told not to bring the child to school because the lift on the special needs school bus did not work.**

Green argues that there is conflicting evidence in the record related to whether the school board contacted her to inform her that the special services school bus was not operable on the morning on her accident. The school board contends that it did contact Green. Regardless, we find that

whether Green was notified by the school board about the bus is not a material fact. Whether the school board contacted Green does not affect her ultimate success on her theory of recovery, which is that the school board's obligation to provide transportation to Joshua extends to her safety when she transports the child herself. At some point that morning, Green elected to transport Joshua and her other children to school, notice or not. This assignment of error is without merit.

- **The trial court's determination that the lawsuit is not about whether the school board violated the law regarding disabled children in providing access to transportation and aides is error of law.**

Green argues that Joshua's IEP plan includes a requirement that aides assist Joshua, even when he is transported to school in her personal vehicle. However, the record shows that bus aides are required to assist Joshua when he actually rides the special services bus. The record does not show that aides assist students or their parents when they travel in their own personal vehicles. With regard to Green's fall and her injuries, whether an aide was present to assist Joshua is not a material fact. Access to an aide who normally assists Joshua on the bus does not potentially ensure Green's recovery, because an aide's role does not include preventing falls by his mother in the school parking lot. Green did not request assistance that morning, and no aide was involved in the fall in any manner. This assignment of error is without merit.

Green next asserts three assignments of error related to the substance of the trial court's ruling granting the school board's motion for summary judgment and the determination that the school board's negligence did not cause her injuries.

*Motion for Summary Judgment and Negligence*

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bess v. Graphic Packaging Int'l, Inc.*, 54,111 (La. App. 2 Cir. 11/17/21), 331 So. 3d 490. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230; *Bess*, *supra*.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's

10

claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).

Liability for negligence is determined by applying the duty/risk analysis. *Bufkin v. Felipe's La., LLC*, 14-0288 (La. 10/15/14), 171 So. 3d 851; *Chreene v. Prince*, 52,351 (La. App. 2 Cir. 9/26/18), 256 So. 3d 501. The plaintiff must prove the defendant's conduct was the cause-in-fact of his harm, the defendant owed a duty of care, the defendant breached the duty, and the risk of harm was within the scope of protection afforded by the duty breached. *Id.*

Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship between the parties. *Carroll v. Allstate Ins.*, 51,591 (La. App. 2 Cir. 9/27/17), 244 So. 3d 772; *Gullette v. Caldwell Par. Police Jury*, 33,440 (La. App. 2 Cir. 6/21/00), 765 So. 2d 464. The question of whether a duty exists is a question of law

11

which may be appropriate for resolution by summary judgment when it is clear that no duty exists as a matter of law and the facts of credibility of the witnesses are not in dispute. *Gullette*, *supra.*

The scope of duty inquiry involves the question of how easily the risk of injury can be associated with the duty sought to be enforced. *Roberts v. Benoit*, 605 So. 2d 1032 (La. 1991); *Richardson v. Lloyds*, 48,715 (La. App. 2 Cir. 3/26/14), 136 So. 3d 953. It is not necessary for the defendant to have foreseen the particular injury that occurred. A risk may be included in the scope of the duty if the injury is easily associated with other risks that are foreseeable. *Forest v. State, Through La. Dep't of Transp. & Dev.*, 493 So. 2d 563 (La. 1986). While the existence of duty is a legal question, "[t]here is no 'rule' for determining the scope of the duty." *Roberts, supra; Pillow v. Entergy Corp.,* 36,384 (La. App. 2 Cir. 9/18/02), 828 So. 2d 83, *writ denied*, 02-2575 (La. 12/13/02), 831 So. 2d 987. The scope-of-duty inquiry is fact sensitive and ultimately turns on "a question of policy as to whether the particular risk falls within the scope of the duty." *Id.*

- **The district court erred in finding that the school board owed no legal duty to [Green] to assist her in getting her disabled child, Joshua, out of her vehicle and into the school building when the lift on the special needs school bus did not work.**

- **The district court exceeded its legal authority by granting summary judgment contrary to La. C. C. P. art. 967(B) because the deposition testimony shows specific facts that there is (*sic*) a genuine issue for trial.**

- **The district court erred as a matter of law when it ruled on this summary judgment record that [Green] is not within the class of persons protected from the unreasonable risk of persons falling with Joshua while getting him into school building for school.**

12

In this case, Green cannot prove the school board's conduct was the cause-in-fact of her harm. Green's theory of the case is that the school board's duty to Joshua contained in his IEP plan extended to her because she was required to transport him to school when the special services bus was not working that particular day. Green argues that had the special services school bus transported Joshua to school, she would not have driven him herself. As such, she would not have been injured if the school board had complied with its duties under the IEP plan. The trial court correctly found that the school board did owe a duty of care to Joshua pursuant to the IEP plan. Further, the school board acknowledges that it failed to provide the required transportation to services to Joshua on the morning of Green's fall. The mechanical reliability of any vehicle cannot be guaranteed. When vehicles fail to work, those affected must make reasonable decisions and act with due care and safety.

When the required special services transportation is not available, the record shows that a parent has options. A parent may request alternative transportation. In this case, there was only one special services school bus equipped with a wheelchair lift in the East Carroll Parish school board's fleet of vehicles. Unfortunately, the lift was not working that morning. The record shows that attempts to resolve the issue were underway. The record further shows that a parent could request a homebound instructor in the event the child cannot make it to school for medical or other reasons. Here, there is no evidence that Green sought to make such arrangements. Green regularly transported all of her children to school, including Joshua, and the record reveals that she was able to park her vehicle close to the front

13

entrance of the school as a convenience on those occasions when she dropped Joshua off herself. Once Green elected to transport her children to school in her own vehicle, the school board's duty contained in the IEP plan regarding Joshua's transportation no longer extended to his safety in his mother's vehicle. It follows that when Green elected to drive her children to school, whether she would have preferred them to ride the bus or not, the school board did not owe a duty to her to prevent her from sustaining an injury while transporting her children. The school board cannot be responsible for Joshua from the threshold of his home to the school property when he is being voluntarily transported by his mother. Here, it is clear that no duty exists as a matter of law, and summary judgment was appropriate.

Green argues that there is an ease of association between the injuries from her fall and the school board's failure to provide Joshua with his required transportation. Determining the scope of the school board's duty involves the question of how easily the risk of Green's injury can be associated with the duty sought to be enforced – transporting Joshua to school on the special services school bus. We find that her injury is too attenuated from the school board's duty to provide safe transportation for Joshua, pursuant to his IEP plan. Green's argument would extend liability to the school board if the private vehicle Joshua was riding in was involved in an accident on the way to school. The trial court correctly found that the risk of Green falling was not in the scope of the school board's duty to provide transportation to Joshua. Accordingly, these assignments of error are without merit.

Green's final assignment of error relates to the dismissal of her lawsuit, including Joshua's personal injury claim.

*Joshua's Claim*

- **The trial court committed legal error in granting the school board's motion for summary judgment dismissing Joshua's claims for personal injury.**

After granting the school board's motion for summary judgment, the trial court dismissed Green's lawsuit. On appeal, Green argues Joshua's cause of action should not have been dismissed. The trial court determined that the school board was not at fault for Green's fall. Therefore, the school board cannot be held liable for Joshua's injuries resulting from her fall, which was caused by her own negligence. No party has alleged that Joshua was at fault for his mother's fall or for her conduct. As such, with the granting of the motion for summary judgment there are no remaining claims or theories of recovery, and the action was properly dismissed. This assignment of error is without merit.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment. Costs of this appeal are assessed to appellant, Maria Mickens Green.

**AFFIRM.**